NAOMI DEVORE, Plaintiff-Appellant, v. STATE EMPLOYEES' RETIRE-MENT SYSTEM *et al.*, Defendants-Appellees.

First District (5th Division)   No. 86—0084

Opinion filed June 12, 1987.

MURRAY, J., specially concurring.

Thomas W. Duda, of Buffalo Grove, for appellant.

Neil F. Hartigan, Attorney General, of Springfield, and Michael D. Hayes, of Holleb & Coff, of Chicago (Norman B. Berger, Special Assistant Attorney General, of Chicago, of counsel), for appellees.

JUSTICE LORENZ delivered the opinion of the court:

This is an appeal filed by Naomi Devore under the Illinois Administrative Review Law (Ill. Rev. Stat. 1985, ch. 110, par. 3—101 *et seq.*) from a final judgment in an administrative review action entered on December 10, 1985, affirming the October 11, 1984, decision of the State Employees' Retirement System of Illinois and the Board of Trustees of the State Employees' Retirement System of Illinois (collectively SERS) to deny plaintiff Devore's appeal of the termination of her disability benefits by SERS.

Devore contends that the Illinois Pension Code requires SERS to follow an Industrial Commission finding of permanent disability and that the doctrine of collateral estoppel precludes SERS from entering a disability determination contrary to that of the Industrial Commission. Devore further contends that the decision of SERS was against the manifest weight of the evidence.

Pertinent to our disposition are the following facts.

On July 5, 1976, Devore injured her back in the course of her employment as a Mental Health Technician III at Manteno State Hospital in Manteno, Illinois. Shortly thereafter she filed an application for adjustment of claim with the Industrial Commission of Illinois. On December 12, 1978, the Industrial Commission entered a finding that Devore was permanently disabled as of that date as defined by the Workers' Compensation Act (Ill. Rev. Stat. 1985, ch. 48, par. 138.1 *et seq.*). After this decision issued, SERS determined that Devore was entitled to statutory occupational disability benefits. (Ill. Rev. Stat. 1985, ch. 108½, par. 14—123.) She continued to draw these benefits uninterrupted until March of 1981.

On March 28, 1981, pursuant to SERS' regulations requiring review of continued eligibility for occupational disability benefits, Devore was examined by Dr. Christian Orfei. Based upon the information provided by Dr. Orfei, Devore was informed by SERS that her occupational disability benefits were terminated as of March 31, 1981.

On June 8, 1981, Devore appealed the termination of her SERS'

benefits and requested a hearing before SERS. On March 10, 1982, a hearing was held. Both Devore and SERS submitted various medical reports. Devore testified. At the conclusion of this session, and by virtue of the conflicting medical evidence as to whether Devore was disabled as of March 31, 1981, the parties agreed to an independent medical examination by a mutually acceptable physician. Plaintiff's counsel did stress that the physician must be on the staff of a Chicago-area medical school.

On May 31, 1982, that examination took place. Devore was examined by Dr. Mridula Prasad, instructor of clinical neurology at the Loyola University Stritch School of Medicine.

On August 18, 1982, Devore submitted additional evidence in the form of a video deposition of her expert witness, Dr. Gerald O. McDonald. On August 31, 1982, Dr. Edward G. Ference, consulting to SERS, also testified, after reviewing the record. The SERS' Executive Committee found that Devore could perform the duties of a Mental Health Technician III as of March 31, 1981, and recommended to the SERS' Board that her benefits be terminated as of that date. This recommendation was ratified by the SERS' Board on October 26, 1982.

On November 24, 1982, Devore filed the first administrative review action in the circuit court of Cook County seeking review of the October 26, 1982, SERS ruling denying her appeal. The matter was remanded to SERS for further hearing to allow the parties to produce live medical testimony and to cross-examine each physician.

On remand, the only supplementary evidence offered was the testimonies of Dr. Prasad, Dr. Orfei, testifying on behalf of SERS, and Dr. McDonald, testifying on behalf of Devore. On May 31, 1984, a hearing was convened and these witnesses testified. Thereafter, Dr. Ference again reviewed the file and on July 17, 1984, advised SERS of his opinion. The SERS' Executive Committee then recommended to the SERS' Board that Devore's disability benefits be terminated as of March 31, 1981. The SERS' Board ratified the recommendation on October 11, 1984.

On November 27, 1984, Devore again filed an action in the circuit court of Cook County seeking administrative review of the SERS' denial of her appeal. On December 10, 1985, the circuit court entered an order affirming the October 11, 1984, SERS' decision.

OPINION

Plaintiff contends that section 14—129 of the Pension Code (Ill. Rev. Stat. 1985, ch. 108½, par. 14—129) mandates the payment of

disability benefits when the Industrial Commission has issued a finding that plaintiff is permanently disabled. That section provides in pertinent part:

> "[B]efore the [SERS] board takes any action on an application for an occupational disability benefit, *** adjudication by the Industrial Commission of Illinois *** shall be had on a claim to establish that the disability *** was incurred while in the performance and within the scope of the member's duties, under the terms of the *** Act ***. The system shall make payment of an occupational disability *** benefit only if the claim is found to be compensable under [this Act]."

SERS contends that this section has no application whatsoever to issue of disability, but only provides the condition precedent to the payment of benefits by SERS in the form of a determination that the disability arose out of and in the course of the employment. We agree.

Plaintiff's construction overlooks the plain language of the Pension Code. Section 14—129 of the Code also provides that payments under the Pension Code shall be offset by any awards from the Illinois Workers' Compensation Act.

> "Any amount provided for a member or his dependents under [the Act] shall be applied for the period of time prescribed by [the Act] for payments thereunder as an offset to any occupational disability *** benefit *** in such manner *as may be prescribed by the rules of the board.*" (Emphasis added.) (Ill. Rev. Stat. 1985, ch. 108½, par. 14—129.)

Rule 8, section 6, of the SERS Rules and Regulations provides:

> "Each disability benefit recipient is required to provide a current medical report each 6 months to substantiate continued disability ***."

It is clear that the action of the Industrial Commission in determining if plaintiff is disabled has a very limited effect. The action of the Commission with respect to the disability benefit liability does constitute a satisfactory adjudication under section 14—129 of the Code, making it possible for SERS to take action on a claim for disability benefits. Further, the amounts paid pursuant to the Commission's determination are to be offset against the occupational disability benefit provided in section 14—123 of the Code (Ill. Rev. Stat. 1985, ch. 108½, par. 14—123.) The amount and duration of occupational disability benefits provided by SERS are solely in the control of SERS and are affected by the Commission's determination only to the extent of offsetting duplicative benefits.

We note that the Attorney General has similarly construed section

14—129 of the Code in an advisory opinion. (See 1981 Op. Att'y Gen. No. 81—026.) There, the Attorney General stated that a settlement agreement for occupational disability benefits under the Workers' Compensation Act, approved by the Industrial Commission, would not govern the period of disability benefit liability of the SERS.

■ Simply stated, plaintiff's suggestion that SERS should routinely approve benefits in accordance with the Commission's determination is contrary to the language of the Code. It is a basic tenet of statutory construction that statutory language should be given its plain and ordinary meaning. *Coldwell Banker Residential Real Estate Services, Inc. v. Clayton* (1985), 105 Ill. 2d 389, 475 N.E.2d 536.

■ We also find no merit to plaintiff's contention that the doctrine of collateral estoppel binds SERS to follow the decision of the Commission. An issue decided in an earlier action will have a preclusive effect on a later action only if: (1) the issues in the two matters are identical; and (2) the party against whom the estoppel is asserted was a party, or is in privity with a party, to the prior litigation. *Housing Authority v. YMCA* (1984), 101 Ill. 2d 246, 461 N.E.2d 959.

■ Devore does not satisfy the initial element of collateral estoppel. Therefore we need not reach the issue of whether the parties in both instances were the same. In the Industrial Commission proceeding the issue was Devore's disability as of 1978. The issue before SERS was whether Devore was disabled and therefore unable to perform the duties of a Mental Health Technician III as of March 31, 1981. As previously stated, Rule 8, section 6, of the SERS' rules requires SERS to provide a systematic program for the continued investigation, control and supervision of disability claims. The issues of disability in the two proceedings are therefore distinct, in that they concern different time periods and involve different medical evidence. See *Godare v. Sterling Steel Casting Co.* (1981), 103 Ill. App. 3d 46, 430 N.E.2d 620.

■ Plaintiff's final contention is that the decision of the SERS is contrary to the manifest weight of the evidence. Yet, where a challenge to an administrative decision raises only issues of conflicting testimony or credibility of witnesses, the administrative decision should be sustained. (*Batley v. Kendall County Sheriff's Department Merit Com.* (1981), 99 Ill. App. 3d 622, 425 N.E.2d 1201.) This holds true even if an opposite conclusion might be reasonable. *Washington v. Civil Service Com.* (1981), 98 Ill. App. 3d 49, 423 N.E.2d 1136.

Here, two of the three physicians that testified before SERS rendered opinions unfavorable to Devore. Devore misrepresents the record when she contends that SERS relied on the mistaken belief that

Drs. Orfei and Prasad were board certified in neurology at the time they examined her. The record indicates that these doctors were not board certified in this specialty when they examined Devore. They became board certified in neurology in the period between their examinations of Devore and their testimony in this case in 1984. The record is also clear that SERS knew these facts and did not render a decision based on the mistaken belief that Orfei and Prasad were board certified at the time of their examinations.

The SERS' decision stated:

"[T]he testimony of Dr. Orfei was also excellent. Even though she was not board certified at the time of her examination of the employee, she was well on her way to certification getting it the following year *** ."

If the issue is merely one of conflicting testimony and credibility of a witness, SERS' determination should be sustained. (*Ranquist v. Stackler* (1977), 55 Ill. App. 3d 545, 370 N.E.2d 1198.) Plaintiff's contention is based entirely on the conflicting testimony of the doctors and therefore does not provide a basis for reversal.

Plaintiff also contends that she was prejudiced because a member of SERS' Executive Committee left the room during the examination of Dr. McDonald. However, the record indicates that only one question was asked while the member was out of the room. Upon his return, the question was repeated and again the doctor responded. He missed no testimony. As such, there was no prejudice.

Plaintiff's final contention concerning weight of the evidence is that the SERS was in error in failing to consider the findings of the doctors submitted in connection with the 1978 determination by the Industrial Commission. As previously stated, the 1978 findings are of no consequence to later reviews. (See *Godare v. Sterling Steel Casting Co.* (1981), 103 Ill. App. 3d 46, 430 N.E.2d 620.) Consequently SERS was not in error.

For the foregoing reasons the judgment of the circuit court of Cook County is affirmed.

Affirmed.

PINCHAM, J., concurs.

JUSTICE MURRAY, specially concurring:

I agree that the able majority's conclusion is mandated by the State statutes referred to in its opinion. However, I think it legally incongruous and a waste of taxpayer's money to have one State

agency, the Industrial Commission, decide the issue of whether a State employee is injured in the course of employment and another State agency, the State Employees' Retirement System, decide the issue of permanency for the purpose of State retirement benefits. It would seem to me that it would be more economical and efficient if one State agency decided both issues.

Resolution of the problem lies with the State legislature, however, not the judicial system.