LOIS A. SPRINGMAN, Plaintiff-Appellee, v. STATE EMPLOYEES' RE-
TIREMENT SYSTEM OF ILLINOIS, Defendant-Appellant.

First District (5th Division)   No. 1—89—0234

Opinion filed March 8, 1991.

Roland Burris, Attorney General, of Springfield (William D. Frazier, Assistant Attorney General, of Chicago, of counsel), for appellant.

Cornfield & Feldman, of Chicago (David M. Goldberg and Mark S. Stein, of counsel), for appellee.

JUSTICE McNULTY delivered the opinion of the court:

This is a permissive interlocutory appeal pursuant to Illinois Supreme Court Rule 308 (134 Ill. 2d R. 308) from an order of the circuit court which certified for our review the question of whether plaintiff's September 20, 1986, application for disability benefits with the State Employees' Retirement System (SERS) was properly and timely filed under section 14—123(a) of the Pension Code (Ill. Rev. Stat. 1987, ch. 108½, par. 14—123(a)). The pertinent facts are as follows.

On December 21, 1977, Springman was injured during the course of her employment as a mental health technician at Jacksonville State Hospital in Morgan County, Illinois. On January 28, 1978, Springman applied to SERS for occupational disability benefits. SERS determined that Springman was entitled to occupational disability benefits (Ill. Rev. Stat. 1987, ch. 108½, par. 14—123), and she continued to receive these benefits until July 29, 1980.

After her injury of December 21, 1977, Springman also filed a petition with the Industrial Commission of Illinois for workers' compensation benefits. On May 21, 1980, the Industrial Commission entered a finding that plaintiff's injury had occurred in the course of her em-

ployment and that she had been totally disabled from the date of her accident. The Industrial Commission further found that Springman's disabling condition was temporary and had not yet reached a permanent condition.

On July 29, 1980, pursuant to SERS regulations requiring review of continued eligibility for occupational disability benefits, Springman was examined by Dr. Choon B. Choi. Based upon Dr. Choi's determination that Springman could return to work, Springman's occupational disability benefits were terminated. Springman appealed, the termination of her occupational disability benefits to the SERS Executive Committee, which affirmed the decision to terminate her benefits. This decision was ratified by the SERS Board of Trustees on December 17, 1980.

On April 23, 1986, the Industrial Commission determined that Springman's disability had reached a permanent condition and that she was entitled to a pension for life. On September 20, 1986, Springman again applied to SERS for occupational disability benefits in connection with her injury of December 20, 1977.

SERS refused to consider Springman's application, stating that in order to be eligible for additional benefits once a benefit has been terminated, Springman must return to work. The SERS Executive Committee affirmed the decision, concluding that it was not permitted to reopen Springman's case because she had not appealed the prior SERS decision to terminate her benefits within the prescribed 90-day period. The SERS Board of Trustees accepted the recommendation of the Executive Committee on March 31, 1987.

Plaintiff then filed an action in the circuit court of Cook County seeking administrative review of SERS' refusal to consider her second SERS application. On August 17, 1988, the circuit court determined that Springman's second SERS application had been timely filed. Accordingly, the court remanded the case to SERS "to conduct a hearing with respect to her prayer for a work connected disability pension as of the date that she filed her complaint and to consider all matters relevant to her work condition in reaching a decision as to whether or not she is now entitled to a work connected disability pension."

On December 14, 1988, the trial court granted the parties' joint motion to certify the issue for interlocutory appeal and certified the following issue: "Whether, under Ill. Rev. Stat., ch. 108½, par. 14—123(a), Plaintiff's September 20, 1986 application for disability benefits with the State Employees' Retirement System ('SERS') was

proper and timely filed." This court granted leave to appeal under Supreme Court Rule 308.

■■ Section 14—123 of the Pension Code provides that one who is incapacitated while working is entitled to receive disability benefits, provided:

"(a) Application is made within 12 months after the date that such disability results in the loss of pay, or 12 months after the date that the Industrial Commission of Illinois rules on the application for an occupational disability, or 12 months after the occurrence of disablement if an occupational disease." (Ill. Rev. Stat. 1987, ch. 108½, par. 14—123.)

Springman contends that the plain language of section 14—123 provides for three specific periods in which an employee may apply to SERS for occupational disability benefits. SERS, however, contends that Springman's September 20, 1986, application for disability benefits was untimely because section 14—123 allows an applicant to file for occupational disability benefits during any one of three alternative periods, but does not provide that more than one application may be filed arising out of the same disability. SERS maintains that section 14—123 is ambiguous and, as such, the court should give substantial weight and deference to the construction given the provision by SERS, the agency charged with the administration of the statute.

■■ We initially note that SERS' argument would have been more persuasive if SERS had contended that the plain language of the statute unambiguously allows for the filing of only one application which may be filed within any of the three periods. Nonetheless, we still find in favor of SERS. The logical interpretation of section 14—123(a) is that plaintiff can make one application, but can do so at any one of three times. Nothing in the Pension Code or the SERS regulations grants a plaintiff the right to a completely new hearing on an injury that was fully considered six years earlier.

■■ According to the rules promulgated by SERS, an applicant denied benefits may either file a petition for rehearing before the Executive Committee of SERS within 90 days of the decision (80 Ill. Adm. Code, §1540.270(e) (1985)) or may seek administrative review of the decision (80 Ill. Adm. Code, §1540.270(f) (1985)). Since Springman did not seek either review or rehearing of the December 17, 1980, decision to terminate her benefits, to allow Springman to challenge SERS' denial of her claim six years later would render the appeals process meaningless and subject SERS to open-ended liability.

■■ Springman further maintains that she is entitled to a new SERS hearing regarding the existence of her disability since the In-

dustrial Commission has determined that plaintiff is entitled to permanent disability benefits. This contention is without merit. This court has concluded that the action of the Industrial Commission in determining if plaintiff is disabled has a very limited effect. (*Devore v. State Employees' Retirement System* (1987), 156 Ill. App. 3d 790, 793, 510 N.E.2d 80, 83.) "The amount and duration of occupational disability benefits provided by SERS are solely in the control of SERS and are affected by the Commission's determination only to the extent of offsetting duplicative benefits." (*Devore*, 156 Ill. App. 3d at 793.) Moreover, the court in *Devore* noted that the plaintiff's suggestion that SERS should routinely approve benefits in accordance with the Industrial Commission's determination is contrary to the language of the Pension Code. *Devore*, 156 Ill. App. 3d at 794.

■■ ■ The court in *Devore* also rejected plaintiff's contention that the doctrine of collateral estoppel binds SERS to follow the decision of the Industrial Commission, noting that one of the prerequisites of collateral estoppel was not met. An issue decided in an earlier action will have a preclusive effect on a later action only if (1) the issues in the two actions are identical; and (2) the party against whom the estoppel is asserted was a party, or is in privity with a party, to the prior action. The court found that the issues before SERS and the Industrial Commission were not identical. In the Industrial Commission proceedings, the issue was whether the plaintiff was disabled as of 1978, while in the SERS proceedings, the issue was whether plaintiff was disabled as of 1981. Thus, the court concluded that the issues of disability in the two proceedings were distinct in that they concerned different time periods and different medical evidence. *Devore*, 156 Ill. App. 3d 794.

In the instant case, plaintiff presents an even weaker argument than did the plaintiff in *Devore*. In *Devore*, the issue arose in the context of an immediate appeal from the SERS determination. In the case at bar, plaintiff chose not to appeal the SERS determination to terminate her benefits in 1980, but rather filed a new claim six years later, only after the Industrial Commission determined that plaintiff was entitled to total disability benefits. Thus, SERS is no more bound by the March 1986 Industrial Commission ruling than it was by the 1976 Industrial Commission order.

Finally, we note that it is indeed a waste of taxpayers' money for one State agency, the Industrial Commission, to decide the issue of whether a State employee is injured in the course of his employment and for another State agency, SERS, to decide the issue of permanency for the purpose of State retirement benefits. While it would be

more economical for one State agency to decide both issues, this change must be addressed by the legislature rather than by the judiciary.

Consequently, we reverse the circuit court order and hold that plaintiff's September 20, 1986, application for disability benefits with SERS was not proper and timely.

Judgment reversed.

LORENZ, P.J., and MURRAY, J., concur.