**Yolanda KUMAR, Plaintiff,**

**v.**

**CHICAGO HOUSING AUTHORITY, Angela Thomas, and George Donner, Defendants.**

No. 92 C 6972.

United States District Court, N.D. Illinois, Eastern Division.

Aug. 25, 1994.

**214**

Ronald J. Loris, Chicago, IL, for Yolanda Kumar.

Anthony L. Schumann, Law Offices of Anthony L. Schumann, Kevin Brian Duckworth, Leroy K. Martin, Jr., Martin & Duckworth, Chicago, IL, for Chicago Housing Authority, George Donner and Angela Thomas.

Kelly Raymond Welsh, James Patrick McCarthy, Justin Paul Erbacci, Margaret Ann Carey, Patricia Jo Kendall, Patrick J. Rocks, Jr., City of Chicago, Law Dept., Corp. Counsel, Chicago, IL, for City of Chicago.

## MEMORANDUM OPINION AND ORDER

PLUNKETT, District Judge.

This matter arises out of Plaintiff Yolanda Kumar's arrest on October 15, 1991, by Defendants Angela Thomas and George Donner. Thomas and Donner are employed as uniformed police officers by Defendant Chicago Housing Authority ("CHA"). According to Donner and Thomas, Kumar was a passenger in a vehicle that they stopped in connection with a suspected narcotics transaction. During the stop, Donner and Thomas allegedly recovered two cannabis cigarettes soaked in phencyclidine (PCP) which Kumar spit out of her mouth. In the process of detaining and arresting Kumar, Thomas and Donner allegedly broke her left arm at the elbow.

A complaint was filed on October 16, 1991, charging Kumar with possession of a controlled substance. *State of Illinois v. Yolanda H. Kumar*, No. 91MC1–151091 (Circuit Ct., Cook County, Ill. filed Oct. 16, 1991). A preliminary hearing was held in Cook County Circuit Court on January 16, 1992, before the Honorable Oliver Spurlock. The court entered a finding of no probable cause.

On September 15, 1992, Kumar filed a five-count complaint against the CHA, Donner, and the City of Chicago seeking damages under Illinois common law and 42 U.S.C. § 1983. The City of Chicago removed the action to this Court on October 10, 1992. Kumar has amended her complaint twice subsequent to its removal here. The matter is before us on Kumar's motion for partial summary judgment on the issue of liability.

Kumar maintains that the no probable cause finding has preclusive effect with respect to the issue of liability for her section 1983, false imprisonment, and malicious prosecution claims. Defendants argue that the doctrine of collateral estoppel is not applicable in this case because (1) Defendants did not have a full and fair opportunity to litigate the issues in this case in the prior proceeding, and (2) the preliminary hearing addressed the sufficiency of the evidence to bind over Kumar for trial rather than whether the officers had probable cause to arrest Kumar. For the reasons discussed below, we hold that the state court's probable cause determination does not have preclusive effect with respect to the issue of liability and deny Kumar's motion for partial summary judgment.

### Summary Judgment Standard

In order to prevail on a summary judgment motion, "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, [must] show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). We view all evidence

and make all inferences therefrom in the light most favorable to the party opposing the motion for summary judgment. *Karazanos v. Navistar Int'l Transp. Corp.*, 948 F.2d 332, 335 (7th Cir.1991) (citing *Lohorn v. Michal*, 913 F.2d 327, 331 (7th Cir.1990)). If the nonmoving party bears the burden of proof at trial on a dispositive issue, that party is required "to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986) (quoting Fed.R.Civ.P. 56(e)). The materiality of a disputed fact depends solely on the applicable substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

### Discussion

■ Under 28 U.S.C. § 1738, federal courts must give preclusive effect to state court judgments whenever the courts of that state would do so. *Pliska v. City of Stevens Point, Wis.*, 823 F.2d 1168, 1172 (7th Cir. 1987) (citations omitted); *Allen v. McCurry*, 449 U.S. 90, 96, 101 S.Ct. 411, 415–16, 66 L.Ed.2d 308 (1980) (citing 28 U.S.C. § 1738)). This rule is equally applicable in the section 1983 context. *Allen*, 449 U.S. at 104, 101 S.Ct. at 420.

■ Under Illinois law, "parties are precluded from relitigating an issue in a subsequent proceeding where that issue was actually or necessarily decided by a court in an earlier proceeding." *Local No. 193, Int'l Bhd. of Elec. Workers v. City of Springfield*, 211 Ill.App.3d 166, 155 Ill.Dec. 606, 609, 569 N.E.2d 1217, 1220 (1991). The earlier decision has preclusive effect only if the issue is identical and the party against whom estoppel is asserted was a party or is in privity with a party in the prior action. *Springman v. State Employees' Retirement Sys. of Ill.*, 211 Ill.App.3d 385, 155 Ill.Dec. 875, 886, 570 N.E.2d 388, 399 (1991). The doctrine does not apply if there is any uncertainty about whether the issue was actually or necessarily decided by the court in the prior proceeding.

*Local No. 193*, 155 Ill.Dec. at 609, 569 N.E.2d at 1220.

Whether Kumar is entitled to judgment as a matter of law on the liability issue depends on whether the state court's no probable cause finding resolves all of the factual issues underlying her section 1983, false imprisonment, and malicious prosecution claims. That in turn depends on two things: (1) the legal standard for liability under section 1983 and Illinois law, and (2) the preclusive effect of the no probable cause finding under Illinois law.

■ An individual is personally liable under section 1983 if he or she deprives another person of a right, privilege, or immunity secured by the United States Constitution under color of state law. *Supreme Video, Inc. v. Schauz*, 15 F.3d 1435, 1438 (7th Cir.1994) (citing 42 U.S.C. § 1983). Thus, a police officer may be liable if he or she makes an arrest that is constitutionally invalid, in other words, without a warrant and without probable cause to believe that the person arrested had committed or was committing a crime. *Joseph v. Rowlen*, 402 F.2d 367, 370 (7th Cir.1968). The existence of probable cause is an absolute bar to a section 1983 claim for false arrest, false imprisonment, or malicious prosecution. *Fernandez v. Perez*, 937 F.2d 368, 371 (7th Cir.1991) (citations omitted).

■ A municipality is not liable under section 1983 under the theory of *respondeat superior*. *Monell v. Dep't of Social Serv. of New York*, 436 U.S. 658, 694, 98 S.Ct. 2018, 2037, 56 L.Ed.2d 611 (1978). "[M]unicipal liability attaches only 'when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury....'" *Cornfield v. Consolidated High School Dist. No. 230*, 991 F.2d 1316, 1324 (7th Cir.1993) (quoting *Monell*, 436 U.S. at 694, 98 S.Ct. at 2037).

■ State officials may raise a qualified immunity defense to section 1983 actions. *Supreme Video, Inc.*, 15 F.3d at 1438 (citing *Anderson v. Creighton*, 483 U.S. 635, 638, 107 S.Ct. 3034, 3038, 97 L.Ed.2d 523 (1987)). A state official is immune from civil damages if

his or her actions are "objectively reasonable,", i.e., if his or her conduct " 'does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.' " *Id.* at 1438–39 (quoting *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982)).

■ In the context of a section 1983 claim for false arrest, immunity depends on the " 'objective reasonableness' " of the arrest. *Juriss v. McGowan,* 957 F.2d 345, 348 (7th Cir.1992) (quoting *Anderson v. Creighton,* 483 U.S. at 639, 107 S.Ct. at 3039; *Harlow v. Fitzgerald,* 457 U.S. at 819, 102 S.Ct. at 2739). Qualified immunity shields the arresting officer from suit if "a reasonable officer could have believed [the plaintiff's arrest] to be lawful, in light of clearly established law and the information the [arresting] officers possessed.' " *Hunter v. Bryant,* 502 U.S. 224, ——, 112 S.Ct. 534, 536, 116 L.Ed.2d 589 (1991) (quoting *Anderson v. Creighton,* 483 U.S. at 641, 107 S.Ct. at 3040).

The fact that the arresting officer's reasonable belief may turn out to be mistaken does not strip the officer of immunity. *Id.* Thus, Judge Spurlock's finding of no probable cause does not necessarily resolve the issue of Defendants' liability for unlawful arrest under section 1983. The liability issue would only be resolved by the earlier state court finding if Judge Spurlock determined that Donner and Thomas did not have probable cause *at the time of the arrest* to believe that Kumar was committing or had committed a crime, and that Kumar's warrantless arrest was objectively unreasonable.

"[A] finding of no probable cause at a preliminary hearing ... may very well be made, and often is made, even though there *was* probable cause to arrest the defendant." *Williams v. Kobel,* 789 F.2d 463, 469 (7th Cir.1986). This is because the Illinois preliminary examination statute requires the judge to determine from the evidence before the court "if it appears [that] there is probable cause to believe *an offense has been committed by the defendant* ...," 725 ILCS § 5/109–3(a) (emphasis added), not whether

there was probable cause for the arrest. *Williams,* 789 F.2d at 468.

As the Seventh Circuit discussed at length, the two determinations are different.

[T]he [preliminary examination] statute does not require the judge to evaluate the presence or absence of probable cause at the time of arrest; absent a motion challenging the validity of the arrest, the presiding judicial officer bases the probable cause to bindover determination on evidence exclusively presented at the hearing and does not and should not consider the separate issue of whether there was probable cause to arrest the defendant unless the defendant ... files a motion challenging the legality of the arrest.... '[T]he arrest standard, directed primarily at the police is understandably expressed in terms of "the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act," while the charging decision being reviewed at the preliminary hearing is, by its nature, one involving the "legal technicians" of the prosecutor's office.... Thus, the probable cause to bindover determination made by the state judge at a preliminary hearing before the criminal trial employs a stricter standard of proof ... than a review of the officers' actions and the probable cause to arrest.

*Williams,* 789 F.2d at 468–69 (quoting 2 LaFave & Israel, Criminal Procedure § 14.3(a) at 258 (1984) (internal citations omitted)).[1]

■ We find that the state court's no probable cause finding does not entitle Kumar to judgment as a matter of law on the issue of Defendants' liability under section 1983 for Kumar's arrest. Kumar's position is fatally flawed in three respects.

First, under Illinois law the prior court determination is not entitled to preclusive effect unless the issue is identical and there is no uncertainty surrounding the identity of the issues. That is not the case here. Nothing in the transcript of the preliminary hearing suggests that Judge Spurlock addressed

---

1. We note with some concern that neither party identified the *Williams* case, a case which we believe to be controlling authority with respect to

one of the key issue raised by Kumar's summary judgment motion.

the objective reasonableness of the arrest or did anything more than make the determination required by the statute. Kumar does not point to evidence showing that she filed a motion challenging the validity of the arrest or even raised the issue at the preliminary hearing. Thus, we have no reason to believe that Judge Spurlock addressed the constitutional validity of Kumar's arrest. Furthermore, even if he had, his resolution of the issue would not have been necessary to his decision under the Illinois preliminary examination statute.

Second, even if the no probable cause finding were entitled to preclusive effect, that finding does not resolve the factual issue underlying Kumar's section 1983 claim against Donner and Thomas. As discussed in *Williams*, although both determinations are referred to as "probable cause" determinations, the question of whether there is probable cause to bind over the charged party is different from the question of whether the arresting officers had probable cause to make the arrest. Resolution of the first issue does not resolve the second. Kumar cannot, simply by pointing to the no probable cause finding, show that there is no genuine issue of fact with respect to Donner's and Thomas' liability under section 1983.

Finally, the probable cause finding by itself could not be determinative of the CHA's liability. As noted above, the CHA is not liable under section 1983 under a theory of *respondeat superior.* Kumar must show that Donner and Thomas acted in conformity with the CHA's policy or custom when they allegedly deprived Kumar of her Constitutional rights. The state court decision does not address that issue. Kumar is not entitled to judgment as a matter of law on the CHA's section 1983 liability.

Kumar also is not entitled to partial summary judgment on her state law malicious prosecution and false imprisonment claims.[2] Under Illinois law, "a public employee is not liable for injury caused by his instituting or prosecuting any judicial or administrative proceeding within the scope of his employment unless he acts maliciously and without probable cause." 745 ILCS § 10/2–208 (1994). Thus, as in the case of Kumar's section 1983 claims, liability turns on whether Donner and Thomas had probable cause to arrest and detain Kumar. As the issue is identical to that discussed above, we need not repeat our earlier analysis. We find that there is a genuine issue of fact with regard to Defendants' liability under state law for malicious prosecution and false imprisonment notwithstanding Judge Spurlock's finding of no probable cause at the preliminary hearing.

### *Conclusion*

For the reasons set forth herein, Plaintiff's motion for partial summary judgment on the issue of liability is hereby denied.

---

**2.** It is not entirely clear from Kumar's motion whether she is seeking summary judgment on her state law claims as well as her section 1983– based claims. Nonetheless, because we interpret her motion as so doing, we consider here whether she is entitled to judgment on those claims.