Strafford
No. 93-134

## THE STATE OF NEW HAMPSHIRE

v.

## MATTHEW A. BROWN & a.

April 5, 1994

*Jeffrey R. Howard*, attorney general (*Brian R. Graf*, assistant attorney general, on the brief and orally), for the State.

*Stephen T. Jeffco, P.A.*, of Portsmouth (*Stephen T. Jeffco* on the joint brief), for defendant Matthew A. Brown, and *Hawthorne and Brown*, of Somersworth (*Stan Hawthorne* on the joint brief and orally), for defendant Dana Sullivan.

THAYER, J.   The defendants, Matthew A. Brown and Dana Sullivan, were charged with drug-related offenses. Brown filed a motion to suppress evidence seized at the time of his arrest, arguing that the arrest lacked probable cause. Sullivan joined in this motion. The Superior Court (*Dickson*, J.), after a consolidated hearing, granted the motion to suppress, which ruling the State now appeals. We reverse.

The trial court found the following facts in its order granting the motion to suppress. Dover Police Officer Thomas Stinglen received information from a confidential informant that Sullivan was involved

in selling and distributing cocaine. The informant, at Officer Stinglen's request, set up a meeting with Sullivan to purchase cocaine from him. Officer Stinglen accompanied the informant to the arranged meeting site. For his safety, Officer Stinglen was wearing a body wire to keep back-up officers located nearby apprised of what was happening. Defendant Sullivan arrived shortly thereafter in a truck, and agreed to sell an eighth of an ounce of cocaine to Officer Stinglen and the informant. He then left to retrieve the cocaine. After about fifteen minutes, Sullivan returned, accompanied by defendant Brown. Officer Stinglen and the informant had a short conversation with the defendants through the open window of their truck during which Sullivan and Brown each told Stinglen that they would only deal with the informant. Officer Stinglen had handed the money to Sullivan during the conversation, but after Sullivan refused to deal with anyone other than the informant, Stinglen took the money back and returned to his car. Officer Stinglen gave the informant the money and saw the informant reach into the truck to transfer it to the defendants, but did not see any actual transfer.

At this time, the back-up units arrived on the scene and arrested both Brown and Sullivan. Detective Colarusso, one of the back-up officers, made the decision and gave the order to make the arrest. He was not instructed to do so by Officer Stinglen.

The following additional evidence was presented at the suppression hearing. Officer Stinglen testified that when Sullivan left to get the cocaine, Stinglen informed Detective Colarusso what was taking place, including that Sullivan was leaving the area but would return. After Sullivan refused to deal with Officer Stinglen and after Stinglen got back into his car, he asked Sullivan if they had the cocaine, and he replied that they did. Officer Stinglen testified that this information was relayed to Detective Colarusso, immediately after which Colarusso and the other officers moved in to make the arrest.

Officer Anderson, a back-up officer in the surveillance car with Detective Colarusso, testified that the officers in that car could hear a portion of the conversations between Stinglen and the defendants via the body wire, that he overheard a conversation between Stinglen and defendant Sullivan concerning a drug deal being made, and that he understood that the cocaine was "supposedly in the truck." Officer Anderson also testified that the decision to arrest was made by Detective Colarusso while they were listening to the transmission of a conversation between Officer Stinglen and Sullivan.

The trial court granted the defendants' request to suppress the evidence obtained as a result of the arrest, ruling that there was

insufficient evidence to support a finding that either Officer Stinglen or Detective Colarusso had probable cause to order the arrest of the defendants.

A trial court's findings on probable cause will be upheld unless clearly erroneous. *State v. Gallant*, 133 N.H. 138, 144, 574 A.2d 385, 389 (1990). "Probable cause to arrest exists when the arresting officer has knowledge and trustworthy information sufficient to warrant a person of reasonable caution and prudence in believing that the arrestee has committed an offense." *State v. Vachon*, 130 N.H. 37, 40, 533 A.2d 384, 386 (1987). A determination of probable cause should be based upon "reasonable probabilities and not the amount of evidence required to sustain a conviction or to make out a *prima facie* case . . . [and] must be viewed in the light of factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act." *State v. Jaroma*, 137 N.H. 562, 567, 630 A.2d 1173, 1176 (1993) (quotations and citation omitted).

The State urges that we should consider the knowledge held by Officer Stinglen as the collective knowledge of the group, and thus imbue Detective Colarusso with probable cause to order the arrest based not upon his own knowledge but upon Stinglen's. *See, e.g., Commonwealth v. Wooden*, 13 Mass. App. Ct. 417, 433 N.E.2d 1234 (1982). While we find the collective knowledge argument to be an interesting one, we do not address it here because we find that the trial court clearly erred in ruling that Detective Colarusso, who made the decision to arrest the defendants, lacked probable cause. The record reveals that Officer Stinglen wore a body wire which transmitted at least portions of the conversations between Stinglen and the defendants. Officer Anderson, who was in the police cruiser with Detective Colarusso, testified that one conversation overheard concerned the drug deal being made between Officer Stinglen and the defendants, and that he understood that the "merchandise," or cocaine, was in the truck. The record reflects that Detective Colarusso was in the same car, listening to the same transmissions. Officer Stinglen testified that after he had asked Sullivan if he had the cocaine in his possession, received an affirmative response, and transmitted this information to Detective Colarusso, the back-up units moved in to make the arrest. Officer Anderson's testimony confirmed that the decision to arrest was made right after a conversation between Stinglen and Sullivan, which was picked up by the wire, was concluded. The information received, that a deal was going on

and that the cocaine was in the truck, was sufficient to warrant a reasonable person to believe that the defendants had committed either the offense of possession of cocaine or of conspiracy to sell cocaine or both. *See Jaroma*, 137 N.H. at 567, 630 A.2d at 1176. The trial judge thus clearly erred in ruling that the evidence should be suppressed.

*Reversed and remanded.*

All concurred.