Grafton
No. 94-248

### THE STATE OF NEW HAMPSHIRE

v.

### GREGORY R. MORTRUD

February 13, 1995

*Jeffrey R. Howard,* attorney general (*Jane E. Young,* assistant attorney general, on the brief), for the State.

*David M. Rothstein,* assistant appellate defender, of Concord, by brief for the defendant.

MEMORANDUM OPINION

BATCHELDER, J. The defendant, Gregory R. Mortrud, appeals from his conviction in Superior Court (*Fitzgerald,* J.) of operating a motor vehicle after having been certified as an habitual offender, RSA 262:23 (1993). He argues that the trial court erred in denying his motion to suppress. We affirm.

On June 26, 1993, Officer Amara Weisberg of the Ashland Police Department received a telephone call from a local resident. The caller was concerned that her child was riding in a vehicle driven by the defendant who, according to the caller's belief, was driving while his license was under suspension. Officer Weisberg confirmed that the defendant was under suspension and, at approximately 1:45 p.m., communicated with Officer Ernest Thompson of the Holderness Police Department. Officer Weisberg told Officer Thompson that she believed that the defendant was driving under suspension as an habitual offender in Ashland or Holderness and gave him the description and registration number of the vehicle. Officer Thompson was familiar with the defendant and the vehicle, having stopped them before. At 4:15 p.m., while stopped on a highway in Holderness, Officer Thompson spotted the defendant's vehicle and saw that it was driven by someone who resembled the defendant. Officer Thompson then stopped the defendant's vehicle.

The defendant's sole argument on appeal is that the officer lacked a reasonable suspicion to justify the vehicular stop. He makes this argument under both the fourth amendment of the Federal Constitution and part I, article 19 of the State Constitution. As the protections of both constitutions are the same in this area, *see State v. Jaroma,* 137 N.H. 562, 566, 630 A.2d 1173, 1175 (1993), we decide the issue under the State Constitution. *See id.*

A police officer may detain a suspect temporarily for investigative purposes when he or she has a reasonable suspicion, based on specific, articulable facts, that the suspect has committed or is about to commit a crime. *Id.* Officer Thompson possessed information that the defendant had had his license suspended under the habitual offender law, was driving a particular vehicle that the officer had stopped previously, and was likely driving in the vicinity. With this information, Officer Thompson spotted the defendant, whom he recognized, driving the defendant's vehicle, which he also recognized. At that time the officer possessed a reasonable suspicion, based on specific, articulable facts, that the defendant was committing the

offense of driving after having been certified an habitual offender. The motion to suppress was properly denied.

*Affirmed.*

All concurred.