Cheshire
No. 2005-675

THE STATE OF NEW HAMPSHIRE

v.

GEORGE CORRADO

Submitted: June 8, 2006
Opinion Issued: August 3, 2006

*Kelly A. Ayotte*, attorney general (*Charles J. Keefe*, assistant attorney general, on the brief), for the State.

*Christopher M. Johnson*, chief appellate defender, of Concord, on the brief, for the defendant.

GALWAY, J. Following a jury trial, the defendant, George Corrado, was convicted on one count of acting as an accomplice or principal to the sale of the controlled drug marijuana. *See* RSA 626:8 (Supp. 2005); RSA 318-B:26 (2004) (amended 2005). On appeal, he argues that the Trial Court (*Arnold*, J.) erred in denying his motion to suppress the audiotape of the sale. We affirm.

The record contains the following evidence. The State used a confidential informant to purchase drugs from an individual in Rindge on several occasions. On each occasion, the informant had a recording device hidden on him. On May 14, 2004, when the informant called to arrange a purchase, he was advised that the seller would not be at home that day but that someone would be there to make the sale. When the informant arrived, the defendant sold him marijuana. The sale was recorded on the device hidden on the informant.

After his arrest, the defendant moved to suppress the audiotape of the May 14, 2004 conversation, arguing that the State lacked the requisite reasonable suspicion to intercept the conversation with him, *see* RSA 570-A:2 (Supp. 2003) (amended 2004), because it had no information that he would be present or that he might be involved in the expected sale of a controlled drug. The trial court denied the motion.

Following his conviction, the defendant appealed. He argues that to establish reasonable suspicion to justify the recording of a conversation with an individual pursuant to RSA 570-A:2, II(d), the police must have information implicating that specific person in criminal conduct. Because the police had little or no information about the defendant until after the May 14 sale, they lacked the requisite reasonable suspicion.

Our review of the trial court's order on a motion to suppress is *de novo*, except as to any controlling facts determined by the trial court. *State v. Gubitosi*, 152 N.H. 673, 676 (2005).

RSA 570-A:2, II(d) authorizes the interception of oral communication by an investigative or law enforcement officer when one of the parties to the communication has given prior consent to such interception and a determination is made by a statutorily authorized individual that "reasonable suspicion [exists] that evidence of criminal conduct will be derived from such interception."

In matters of statutory interpretation, we are the final arbiter of legislative intent as expressed in the words of a statute considered as a whole. *State v. Clark*, 151 N.H. 56, 57 (2004). We first examine the words of the statute and ascribe plain and ordinary meanings to them. *Id.* We

interpret the statute as written and will not consider what the legislature could have said or add words to the statute that the legislature did not see fit to include. *In re Estate of Fischer*, 152 N.H. 669, 673 (2005).

We have previously held that the phrase "reasonable suspicion" in RSA 570-A:2 should be construed as it is in constitutional cases involving investigative stops. *State v. Conant*, 139 N.H. 728, 729-30 (1995). Therefore, reasonable suspicion exists under RSA 570-A:2, II(d) when specific and articulable facts taken together with rational inferences from those facts lead the authorizing official to believe that evidence of criminal conduct will be derived from an interception. *Id.* at 730. To determine whether reasonable suspicion exists, we look to the totality of the circumstances. *Id.*

■ RSA 570-A:2, II(d) requires only a reasonable suspicion that evidence of criminal conduct will be derived from the interception; it does not include a requirement that the identity of all those who may be recorded be known by law enforcement officials prior to the recording. While identity of the participants may be a factor in the reasonable suspicion analysis, we decline to impose such an absolute requirement in the absence of any indication of the legislature's intention to do so. *Cf. United States v. Donovan*, 429 U.S. 413, 427 n.15 (1977) ("It is not a constitutional requirement that all those likely to be overheard engaging in incriminating conversations be named.").

The trial court found that on the day of the authorized interception, the informant made arrangements to purchase marijuana from an individual from whom he had purchased it on several prior occasions. The informant knew the individual and had recently purchased marijuana from him at his residence. The informant was aware that the seller kept a quantity of marijuana in his kitchen cupboard above the sink. Based upon the record before us, we conclude that under the totality of the circumstances, the authorizing official had reasonable suspicion to believe that evidence of criminal conduct would be derived from the interception. Thus, suppression of the evidence so obtained was not warranted. *See Conant*, 139 N.H. at 730-32.

*Affirmed.*

BRODERICK, C.J., and DALIANIS, DUGGAN and HICKS, JJ., concurred.