Strafford
No. 94-462

## H. BRUCE HARTGERS

v.

## TOWN OF PLAISTOW & a.

August 2, 1996

*McNeill & Taylor, P.A.*, of Dover (*R. Peter Taylor* and *Lynne M. Dennis* on the brief, and *Mr. Taylor* on the supplemental brief and orally), for the plaintiff.

*Devine, Millimet & Branch, P.A.,* of Manchester (*Robert E. McDaniel* and *Gregory D. H. Jones* on the brief, *Mr. McDaniel* and *Charles R. Powell, III* on the supplemental brief, and *Mr. Powell* orally), for the defendants.

BRODERICK, J. The plaintiff, H. Bruce Hartgers, sued the defendants, the Town of Plaistow and the Plaistow Police Department, alleging that his arrest for the offense of issuing a bad check under RSA 638:4 (1986 & Supp. 1990) violated his rights under the first, fourth, fifth, and fourteenth amendments to the United States Constitution, *see* 42 U.S.C. §§ 1983, 1988 (1988), and related State statutory and constitutional provisions. The Superior Court (*Dickson,* J.) ruled that the police had probable cause to arrest the plaintiff and granted the defendants' motion for summary judgment. We affirm.

In August 1989, the plaintiff borrowed $6,000 from Roscoe Kidder, owner of Kidder Building and Wrecking. The plaintiff was unable to repay the money by the time agreed, so in September 1989, he issued a check for $6,000 payable to Kidder Building and Wrecking. The check was post-dated for October 3, 1989, because the plaintiff knew at the time he issued the check he did not have sufficient funds in the account to cover it.

On March 22, 1990, Stephen Snow, an employee of Kidder Building and Wrecking, met with officers of the Plaistow Police Department, asserting that the plaintiff had issued a bad check for $6,000. Showing the investigating officers, Lt. Thomas Bourque and Sgt. Kathleen Jones, a photocopy of the face of the check, Snow told the officers that the plaintiff's check was presented to the drawee, Bank of New England, but the check was not honored due to insufficient funds. Snow indicated that he had spoken with the plaintiff on a number of occasions to resolve the issue. Lt. Bourque advised Snow to send the plaintiff a certified letter demanding payment and said they would follow up if the plaintiff did not respond to the letter. On May 2, 1990, Sgt. Jones contacted Snow to determine whether the plaintiff had responded to the fourteen-day demand letter. Snow indicated that he had sent the letter and received no response from the plaintiff.

Based upon this information, Sgt. Jones prepared an affidavit on May 3, 1990, and obtained a warrant for the plaintiff's arrest for the offense of issuing a bad check. The plaintiff was arrested on May 9, 1990. He was held overnight and arraigned the next day in Plaistow District Court. At his arraignment, he explained that he had issued the post-dated check as repayment for the loan and reached an agreement with Kidder that Kidder would not deposit the check

until the plaintiff told him the account had sufficient funds. The plaintiff also told the court that the check was never actually deposited because the Bank of New England determined there were insufficient funds to cover the check.

After further investigation, the police confirmed the plaintiff's statements and concluded that elements of the offense of issuing a bad check had not been met. The case was ultimately dismissed by the Plaistow District Court on July 26, 1990, for lack of probable cause. Thereafter, the plaintiff filed suit against the defendants alleging violations of his rights under the Federal and State Constitutions. He also alleged violations of State law for malicious prosecution and negligent failure to train and supervise.

Both the plaintiff and the defendants moved for summary judgment. The parties agreed there was no dispute as to the material facts of the case, and the superior court concluded that all of the plaintiff's claims were contingent upon a finding that the Plaistow police lacked probable cause to arrest him. The court found that the police had probable cause at the time they arrested the plaintiff and accordingly denied his motion for summary judgment and granted the defendants' motion. On appeal, the plaintiff argues that the trial court erred in concluding that the police had probable cause to arrest. The plaintiff also maintains that the Plaistow District Court's dismissal of the charge against him for lack of probable cause collaterally estops the defendants from relitigating the issue.

The court below correctly framed the question in this case as whether the Plaistow Police Department had probable cause to arrest the plaintiff for violating RSA 638:4. "Probable cause to arrest exists when the arresting officer has knowledge and trustworthy information sufficient to warrant a person of reasonable caution and prudence in believing that the arrestee has committed an offense." *State v. Brown*, 138 N.H. 407, 409, 640 A.2d 286, 287–88 (1994). "The determination of probable cause must be viewed in the light of factual and practical considerations of everyday life on which reasonable and prudent [persons], not legal technicians, act." *State v. Jaroma*, 137 N.H. 562, 567, 630 A.2d 1173, 1176 (1993) (quotation omitted).

The trial court did not err in concluding that the police had probable cause to arrest the plaintiff for a violation of RSA 638:4. The statute provides: "A person is guilty of issuing a bad check if he issues or passes a check for the payment of money and payment is refused by the drawee." RSA 638:4, I (Supp. 1990). The person must know or believe that the check would not be paid by the drawee. RSA 638:4, IV(e) (Supp. 1990). The record shows that Snow, an

employee of Kidder, provided the police with information relating to each element of the offense. He told the police that the plaintiff had issued the check in question; that the check had been returned from the bank for lack of sufficient funds; that he had made several unsuccessful attempts to contact the plaintiff and resolve the issue; and that he had sent the plaintiff a fourteen-day demand letter to which he had received no response. Based upon this information, a justice of the peace authorized a warrant for the plaintiff's arrest, and we agree that the police had sufficient information upon which a reasonably prudent person could believe the plaintiff had committed the offense of issuing a bad check.

That the information upon which the police relied in concluding probable cause existed was provided by a complaining witness is of no great moment on these facts. Whether probable cause exists "invariably depends on the particular facts and circumstances of th[e] case," *B.C.R. Transport Co., Inc. v. Fontaine*, 727 F.2d 7, 10 (1st Cir. 1984), and it may be validly premised upon the statements of a complaining witness when the police have no reason to doubt the witness's veracity, *see Gramenos v. Jewel Companies, Inc.*, 797 F.2d 432, 440 (7th Cir. 1986), *cert. denied*, 481 U.S. 1028 (1987). In this case, the plaintiff does not argue that Snow was attempting to deceive the police, and the record reveals no evidence indicating that the police had any reason to question Snow's veracity.

The plaintiff contends that the fact that the bank did not actually refuse payment on the check undermines a finding of probable cause to arrest him. The police, however, are expected only to have the same understanding of the circumstances as would a person of reasonable prudence and caution. *See State v. Vandebogart*, 139 N.H. 145, 163, 652 A.2d 671, 682 (1994). Here, the police, in concluding that probable cause to arrest existed, reasonably could have relied on Snow's statement that the bank refused payment on the check, coupled with the plaintiff's failure to respond to Snow's fourteen-day demand letter.

The plaintiff also suggests the police lacked information that would show the plaintiff knew or believed the check would be refused by the drawee as required by RSA 638:4, IV(e). In reviewing whether the police had probable cause to arrest, we are concerned with "reasonable probabilities and not the amount of evidence required to sustain a conviction or to make out a *prima facie* case." *Jaroma*, 137 N.H. at 567, 630 A.2d at 1176 (quotation omitted). In this instance, the police had sufficient information at the time of the arrest to conclude that the plaintiff had the requisite *mens rea*. The police learned from Snow that the check had been refused by the

bank, and that the plaintiff had failed to respond to a demand letter. From this information the police could reasonably infer that the plaintiff knew or believed his check would be refused by the bank at the time he issued the check.

The inference that the plaintiff possessed the requisite *mens rea* at the time he issued the check was valid regardless of whether the evidence was sufficient to establish a *prima facie* case against the plaintiff. *See* RSA 638:4, III (Supp. 1990) (stating that "[t]he actor's failure to make . . . payment within 14 days after receiving notice that payment was refused shall be prima facie evidence of a violation of [the statute]"). Because it was unnecessary in this case to rely upon RSA 638:4, III to determine whether probable cause existed, we decline to address the plaintiff's argument that this part of the statute is unconstitutional.

The plaintiff finally argues that the Plaistow District Court's dismissal of the charge against him for lack of probable cause acts as collateral estoppel in the instant case. "The elements of collateral estoppel are well-established: the issue subject to estoppel must be identical in each action, the first action must have resolved the issue finally on the merits, and the party to be estopped must have appeared in the first action, or have been in privity with someone who did so." *Simpson v. Calivas*, 139 N.H. 1, 7, 650 A.2d 318, 323 (1994) (quotation omitted). Collateral estoppel may apply in actions brought under 42 U.S.C. § 1983 to recover for constitutional violations. *See Fontaine*, 727 F.2d at 12.

The issue before the district court in the plaintiff's criminal case was whether at the time of the hearing on July 26, 1990, there was probable cause to continue holding the plaintiff on the charge of issuing a bad check. Due to investigation subsequent to the plaintiff's arrest, the district court concluded that probable cause to believe that he had committed the offense had dissipated. In contrast, the issue before the superior court in the plaintiff's civil case was whether at the time of arrest — before any additional investigation — the police had probable cause to believe the plaintiff had committed the offense. The issue at this point was sufficiently different from that before the district court to preclude the application of collateral estoppel. *Cf. Petition of Gilpatric*, 138 N.H. 360, 363, 639 A.2d 267, 269 (1994).

*Affirmed.*

JOHNSON, J., dissented; the others concurred.