**Raul MORALES, Petitioner–Appellant,**

v.

**Charles GREINER, Respondent– Appellee.**

**No. 03–2894–PR.**

United States Court of Appeals, Second Circuit.

Argued: July 14, 2004.

Decided: Aug. 19, 2004.

Raul Morales, Pro Se, White Deer, PA, for Petitioner–Appellant.

Victor Barall, District Attorney of Kings County, Brooklyn, NY, for Respondent– Appellee.

Before: POOLER, SACK and RAGGI, Circuit Judges.

PER CURIAM.

In February 2002, Morales, *pro se,* filed a section 2254 petition in the district court challenging his Kings County conviction for possession and sale of a controlled substance. In his petition, Morales argued that his arrest was not supported by probable cause and his appellate counsel rendered ineffective assistance by failing to raise a claim that the police lacked probable cause for his arrest. The facts relevant to this appeal are fully set forth in the district court's opinion, *Morales v. Greiner,* 273 F.Supp.2d 236 (E.D.N.Y.2003). Briefly, on April 9, 1998, Morales was arrested after an undercover police officer, conducting a "buy and bust" operation in an area known for "narcotics activity", observed Morales engaging in activities that appeared to be narcotics transactions. On four separate occasions, Morales "touched hands" with another individual, entered the vestibule of a building with that person, engaged in some sort of transaction, and then quickly exited. The undercover officer also observed one of the individuals holding a glassine envelope in his hands as he emerged from the vestibule—the type

of envelope that the undercover officer knew to be used to package narcotics. Approximately twenty-five minutes after the fourth transaction occurred, Morales was arrested. Following a jury trial, Morales was convicted of one count of Criminal Sale of a Controlled Substance in the Third Degree and two counts of Criminal Possession of a Controlled Substance in the Third degree.

Currently before this court is Morales's motion for a certificate of appealability. Upon due consideration, it is ordered that his motion be denied and his appeal be dismissed because Morales has not made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c); *see Miller–El v. Cockrell,* 537 U.S. 322, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003). Both of Morales's claims on appeal are without merit because there was probable cause to support his arrest. Morales was arrested in a location known to have significant narcotics activity and an undercover detective observed Morales engaging in four transactions that appeared to be narcotics sales. We hold that these facts are sufficient to establish probable cause that an "offense has been or is being committed." *Dunaway v. New York,* 442 U.S. 200, 208 & n. 9, 99 S.Ct. 2248, 60 L.Ed.2d 824 (1979). In so holding, we do not rely on the district court's alternative finding that, where a habeas petitioner claims that his attorney rendered ineffective assistance of counsel for failing to raise a Fourth Amendment challenge, the "prejudice" prong of the *Strickland* analysis can never be satisfied. *Strickland v. Washington,* 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

For these reasons, Morales' petition is DENIED.