10-3908-cv
Alvarado v. City of New York

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect.  Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1.  When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order").  A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 19th day of December,  two thousand eleven.

PRESENT:
>  PETER W. HALL,
>  GERARD E. LYNCH,
>  RAYMOND LOHIER, JR.,
>  *Circuit Judges.*

_____

EDWIN ALVARADO,

  *Plaintiff-Appellant*,

  v.  No. 10-3908-cv

CITY OF NEW YORK,
CHRIS BONOMO, DETECTIVE, SHIELD NO. 1484, AND
BARRY PINTO, ASSISTANT DISTRICT ATTORNEY,

  *Defendants-Appellees*.

_____

FOR PLAINTIFF-APPELLANT:  Kenechukwu C. Okoli, Law Offices of K.C. Okoli, P.C., New York, New York.

FOR DEFENDANTS-APPELLEES:  Edward F.X. Hart, Rachel A. Seligman, Marta Soja Ross, *for* Michael A. Cardozo, Esq., Corporation Counsel of the City of New York, New York, New York.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Mauskopf, *J.*). **UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

We assume the parties are familiar with the underlying facts and procedural history of this case. Alvarado filed this action under 42 U.S.C. § 1983 and New York law against the City of New York, New York Police Department Detective Chris Bonomo, and Assistant District Attorney Barry Pinto, the assistant district attorney who handled his case (collectively, "Defendants"), alleging constitutional violations, malicious prosecution, and false arrest. Defendants moved for summary judgment; the district court granted the motion as to all of Alvarado's claims and dismissed the action. Alvarado timely appeals the district court's judgment only as to his malicious prosecution and false arrest claims.

## I. Discussion

We review a district court's grant of summary judgment *de novo*, applying the same legal standard as the district court. *Breeden v. Kirkpatrick & Lockhart LLP (In re Bennett Funding Grp., Inc.)*, 336 F.3d 94, 99 (2d Cir. 2003). A motion for summary judgment will be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

### A. False Arrest

"The existence of probable cause to arrest constitutes justification and is a complete defense to an action for false arrest, whether that action is brought under state law or under § 1983." *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996) (internal citation and quotation marks omitted). Probable cause is established when the arresting officer has "knowledge or reasonably trustworthy information of facts and circumstances that are sufficient in themselves

to warrant a person of reasonable caution in the belief that (1) an offense has been or is being committed (2) by the person to be arrested." *United States v. Ceballos*, 812 F.2d 42, 50 (2d Cir. 1987) (citation and quotation marks omitted); *see also Manganiello v. City of N.Y.*, 612 F.3d 149, 161 (2d Cir. 2010). In determining whether probable cause existed for an arrest, we "consider those facts available to the officer at the time of the arrest and immediately before it." *Panetta v. Crowley*, 460 F.3d 388, 395 (2d Cir. 2006) (emphasis, citation, and quotation marks omitted). "[P]robable cause can exist even where it is based on mistaken information, so long as the arresting officer acted reasonably and in good faith in relying on that information." *Bernard v. United States*, 25 F.3d 98, 102 (2d Cir. 1994). "The Constitution does not guarantee that only the guilty will be arrested." *Baker v. McCollan*, 443 U.S. 137, 145 (1979).

The facts of this case, viewed in the light most favorable to Alvarado, reveal that there was probable cause to arrest him. Juan Delgado told the police that his assailants were two Hispanic men who had dark skin, although Alvarado disputes that Delgado mentioned the latter fact. Delgado picked Alvarado, a dark-skinned Hispanic man, out of a photo database the night of the crime. Delgado was able to pick Alvarado out of a photo array at a later date, and Delgado also identified Alvarado in a line-up. This information was enough to "warrant a person of reasonable caution in the belief" that Alvarado had attacked Delgado. *See Ceballos*, 812 F.2d at 50.

Alvarado does not dispute the preceding facts. Instead, he focuses on Detective Bonomo's failure to investigate "exculpatory evidence." According to him, once he offered Detective Bonomo an alternative explanation for his summertime injury—that he had broken his arm jumping out of a window—Detective Bonomo needed to investigate this potentially exculpatory statement before arresting Alvarado. Delgado's identification of Alvarado as one of

3

his assailants, however, was sufficient probable cause for Alvarado's arrest. Consequently, Bonomo was obligated neither to refrain from arrest simply because Alvarado provided a potentially exculpatory story nor to follow up on that story prior to making the arrest. "Once a police officer has a reasonable basis for believing there is a probable cause, he is not required to explore and eliminate every theoretically plausible claim of innocence before making an arrest." *Curley v. Vill. of Suffern*, 268 F.3d 65, 70 (2d Cir. 2001) (internal citations omitted).

B.    Malicious Prosecution

To state a claim for malicious prosecution, a plaintiff must show, *inter alia*, "that there was no probable cause for the proceeding." *Droz v. McCadden*, 580 F.3d 106, 109 (2d Cir. 2009). The district court's conclusion that there was probable cause to prosecute Alvarado is correct. Under New York law, which controls both his § 1983 and state-law malicious prosecution claims, Alvarado's indictment by a grand jury created a rebuttable presumption of probable cause. *See Savino v. City of N.Y.*, 331 F.3d 63, 72 (2d Cir. 2003). To overcome that presumption and survive summary judgment, Alvarado had to produce evidence "that the indictment was procured by fraud, perjury, the suppression of evidence or other police conduct undertaken in bad faith." *See id.* (internal citation and quotation marks omitted). He failed to carry his burden of production.

## II.    Conclusion

We have considered the remainder of Alvarado's claims, including his substantive state-law claims, and conclude they have no merit. For the foregoing reasons, the district court's judgment is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4