Hillsborough-northern judicial district
No. 2012-510

OSAHENRUMWEN OJO

v.

JOSEPH C. LORENZO & a.

Submitted: February 13, 2013
Opinion Issued: April 3, 2013

Osahenrumwen Ojo, self-represented party, on the memorandum of law.

*McDonough, O'Shaughnessy, Whaland & Meagher, PLLC*, of Manchester (*Robert J. Meagher* on the brief), for the defendants.

LYNN, J. The plaintiff, Osahenrumwen Ojo, appeals an order of the Superior Court (*Brown*, J.) granting a motion to dismiss filed by the defendants, Officer Joseph C. Lorenzo and the Manchester Police Department (MPD). We affirm in part, reverse in part, and remand.

The following facts are taken from the allegations in the plaintiff's writ of summons, which we accept as true for purposes of this appeal, or are established as a matter of law. *See Morrissey v. Town of Lyme*, 162 N.H. 777, 778 (2011). On May 9, 2010, at approximately 1:00 a.m., Lorenzo stopped the plaintiff while he was walking on Hall Street in Manchester. Lorenzo pulled the plaintiff by the arm, placed him against his unmarked police cruiser, patted him down, and asked him where he was coming from and where he was going. The plaintiff replied that he had left his brother's

apartment a couple of hours earlier. He explained that he and his brother had had "an altercation" earlier in the day and that he wanted to avoid "unnecessary problems." After additional officers arrived on the scene, Lorenzo arrested the plaintiff. When the plaintiff asked why he was under arrest, an unidentified officer informed him that a kidnapping victim had identified him from a photographic line-up and that he matched the victim's description of the assailant.

The State charged the plaintiff by criminal complaint with kidnapping, see RSA 633:1 (2007), falsifying physical evidence, see RSA 641:6 (2007), and simple assault, see RSA 631:2-a (2007). On May 10, the plaintiff was arraigned in the Manchester District Court on the charges of kidnapping and falsifying physical evidence. See RSA 594:20-a, I (Supp. 2012); State v. Hughes, 135 N.H. 413, 419 (1992). On May 24, the district court held a preliminary examination (also known as a probable cause hearing) and subsequently ordered the plaintiff bound over to the superior court on both charges. See RSA 596-A:4, :7 (2001); RSA 592-A:4 (2001).[1] A Hillsborough County grand jury later returned indictments against the plaintiff for kidnapping and falsifying physical evidence, and the State filed an information charging him with simple assault. In October 2011, after the plaintiff spent approximately seventeen months in pretrial custody at the Hillsborough County House of Corrections, the State nol prossed all of the charges because the complaining witness allegedly moved to Germany.

In April 2012, the plaintiff, unrepresented by counsel, filed a civil lawsuit against the defendants[2] alleging, among other things, that officers of the Manchester Police Department: (1) ignored their duties to fully, reasonably, and prudently conduct their investigation before placing him under arrest; and (2) employed unnecessarily suggestive, unreliable, and untrustworthy identification procedures. The writ alleged that the plaintiff did not match the description of the alleged kidnapper. According to the writ, the alleged victim had described the assailant as a black male, in his early twenties, five feet ten or eleven inches tall, with short dark hair and a beard. The plaintiff, a black male, was, however, thirty-three years old with a bald

---

[1] The plaintiff's writ alleges, and the defendants do not dispute, that the plaintiff's appearance in the district court on May 10 was for a probable cause hearing. The record, however, reveals that a preliminary examination (i.e., "probable cause hearing") was scheduled for May 24, and the plaintiff received notice that the district court found probable cause on May 24. Accordingly, we conclude that the plaintiff's appearance in the district court on May 10 was his arraignment and the probable cause hearing was held on May 24.

[2] The plaintiff's writ also named as a defendant "Robert Walsh, hillsborough county attorney for the state." The caption of the plaintiff's writ, however, named as defendants only Officer Lorenzo and the MPD, and there is no evidence that Attorney Walsh was served as a defendant. On appeal, neither party refers to Attorney Walsh. Accordingly, we conclude that Attorney Walsh is not a party to this appeal.

head and a clean-shaven face. He also had visible scars on both cheeks that the victim had not mentioned. The plaintiff claimed that he suffered unnecessary imprisonment, unlawful punishment, and substantial loss of property.

Construing the plaintiff's writ to assert claims for false imprisonment and malicious prosecution, the defendants moved to dismiss for failure to state a claim. The defendants argued that a lack of probable cause is an element of both false imprisonment and malicious prosecution and that the plaintiff could not prevail on either claim because the district court and grand jury found probable cause in the earlier criminal prosecution. Alternatively, the defendants argued that they were entitled to immunity under RSA 507:8-d (2010) and official immunity under *Everitt v. General Electric Co.*, 156 N.H. 202 (2007). Finally, the defendants argued they were not the proper party-defendants with respect to plaintiff's malicious prosecution claim.

The superior court granted the defendants' motion. The court's order states, in its entirety: "Motion to Dismiss granted. Probable cause was found by the Hillsborough County Grand Jury and the Defendant Officer and Police Department are, under those circumstances, immune from suit." This appeal followed.

In reviewing a motion to dismiss, our task is to determine whether the allegations in the plaintiff's pleadings are reasonably susceptible of a construction that would permit recovery. *Morrissey*, 162 N.H. at 780. We assume the well-pleaded allegations of fact in the writ to be true, and construe all reasonable inferences from them in the plaintiff's favor. *Bel Air Assocs. v. N.H. Dep't of Health & Human Servs.*, 154 N.H. 228, 231 (2006). We need not, however, assume the truth of statements in the pleadings that are merely conclusions of law. *Morrissey*, 162 N.H. at 780. "We then engage in a threshold inquiry that tests the facts in the [writ] against the applicable law." *Bel Air Assocs.*, 154 N.H. at 231 (quotation omitted). In conducting this inquiry, we may also consider "documents attached to the plaintiff's pleadings, . . . documents the authenticity of which are not disputed by the parties[,] official public records[,] or documents sufficiently referred to in the [writ]." *Beane v. Dana S. Beane & Co.*, 160 N.H. 708, 711 (2010) (citation, quotation, and ellipses omitted).

■ We first address the trial court's ruling that the defendants are immune from suit because the grand jury found probable cause in the prior criminal prosecution of the plaintiff. "An indictment represents the conclusion of a grand jury that probable cause exists to believe that a defendant has committed a particular crime." *Moody v. Cunningham*, 127 N.H. 550,

554 (1986). We consider whether the indictments returned against the plaintiff entitle the defendants to immunity under RSA 507:8-d or to official immunity.

■ RSA 507:8-d provides: "No person shall incur any civil liability to another person by taking any action against such person which would constitute justification pursuant to RSA [chapter] 627." Under RSA 627:2, I (2007), "[a]ny conduct, other than the use of physical force under circumstances specifically dealt with in other sections of this chapter, is justifiable when it is authorized by law." By statute, a police officer may make a warrantless arrest if the officer has probable cause to believe that the arrestee has committed a felony. RSA 594:10, II(b) (Supp. 2012); *State v. Vachon*, 130 N.H. 37, 40 (1987). "Probable cause to arrest exists when the arresting officer has knowledge and trustworthy information sufficient to warrant a person of reasonable caution and prudence in believing that the arrestee has committed an offense." *Hartgers v. Town of Plaistow*, 141 N.H. 253, 255 (1996) (quotation omitted). For purposes of this appeal, we assume that a police officer with probable cause to make a warrantless arrest under RSA 594:10, II(b) and the officer's employer may be entitled to immunity from suit under RSA 507:8-d.

■ The doctrine of official immunity provides that "municipal police officers are immune from personal liability for decisions, acts or omissions that are: (1) made within the scope of their official duties while in the course of their employment; (2) discretionary, rather than ministerial; and (3) not made in a wanton or reckless manner." *Everitt*, 156 N.H. at 219. "[T]he purpose of immunity is to operate as a bar to a lawsuit, rather than as a mere defense against liability, and is effectively lost if a case is erroneously permitted to go to trial." *Id.* at 221 (quotation omitted). The doctrine is a necessary compromise between competing policies. *Id.* at 216-18. It recognizes that although "immunity can be fundamentally unfair to our citizens who are injured by erroneous police decisions," the "public simply cannot afford for those individuals charged with securing and preserving community safety to have their judgment shaded out of fear of subsequent lawsuits or to have their energies otherwise deflected by litigation, at times a lengthy and cumbersome process." *Id.* at 218. When available to an individual police officer, official immunity "generally may be vicariously extended to the government entity employing the individual, but it is not an automatic grant." *Id.* at 221 (quotation omitted).

■■ We conclude that the indictments returned against the plaintiff do not entitle the defendants to immunity under RSA 507:8-d or official immunity. Although it is black-letter law that "the finding of an indictment,

fair upon its face, by a properly constituted grand jury, conclusively determines the existence of probable cause for the purpose of holding the accused to answer," *Ex Parte United States*, 287 U.S. 241, 250 (1932), it is equally true that post-arrest indictments do not operate retroactively to establish the existence of probable cause at the moment of arrest. *See Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 308 n.13 (6th Cir. 2005) ("after-the-fact grand jury involvement cannot serve to validate a prior arrest"); *Garmon v. Lumpkin County, Ga.*, 878 F.2d 1406, 1409 (11th Cir. 1989) ("A subsequent indictment does not retroactively provide probable cause for an arrest that has already taken place."); *Kent v. Katz*, 146 F. Supp. 2d 450, 460 n.8 (D. Vt. 2001) ("subsequent grand jury indictment does not retroactively provide probable cause for a false arrest that had already taken place"). The reason for the rule is sound: a grand jury considers whether, at the time it acts, probable cause exists to believe that a crime has been committed, *see Moody*, 127 N.H. at 554; a grand jury does *not* consider whether, at the time of arrest, the arresting officer had "knowledge and trustworthy information sufficient to warrant a person of reasonable caution and prudence in believing that the arrestee . . . committed an offense."[3] *Hartgers*, 141 N.H. at 255 (quotation omitted). Thus, contrary to the conclusion of the trial court, the probable cause found by the grand jury does not establish that probable cause supported the plaintiff's arrest or that his arrest was not "made in a wanton or reckless manner." *Everitt*, 156 N.H. at 219.

 Furthermore, to the extent the trial court gave the indictments preclusive effect on the issue of whether Lorenzo had probable cause to arrest the plaintiff, we note that "estoppel as between criminal and later civil actions" is warranted only when the plaintiff had "a fair opportunity to litigate the issue" in the prior criminal prosecution. *See Hopps v. Utica Mut. Ins. Co.*, 127 N.H. 508, 511-12 (1982). Here, the plaintiff was not a party to the grand jury proceeding and had no full and fair opportunity to litigate issues raised in that proceeding. *See State v. Hall*, 152 N.H. 374, 376 (2005) ("A grand jury proceeding is not an adversary hearing . . . . [I]t is an *ex parte* investigation to determine whether a crime has been committed and whether criminal proceedings should be instituted against any person." (quotation omitted)); *see also* 38 AM. JUR. 2D *Grand Jury* § 44, at 927 (2010) ("One whose conduct is being investigated by a grand jury has no right, constitutional or otherwise, to petition, appear before, or testify before a

---

[3] For example, an investigation conducted between the arrest and indictment may support a finding of probable cause at the time the indictment is returned that did not exist at the time the arrest was made. The record before us contains no information as to what, if any, post-arrest, pre-indictment investigation occurred in this case.

grand jury."). Thus, even if the grand jury had considered whether Lorenzo had probable cause to arrest the plaintiff, the indictments do not conclusively establish that probable cause supported the arrest.

On appeal, the defendants advance several alternative arguments seeking affirmance of the trial court's order. They argue that: (1) they are entitled to immunity under RSA 507:8-d and official immunity because facts alleged by the plaintiff establish that Lorenzo had probable cause to arrest the plaintiff; (2) they are entitled to official immunity because the district court found probable cause; (3) the plaintiff's claims for false imprisonment and malicious prosecution must be dismissed because both claims require a lack of probable cause and the plaintiff cannot prove a lack of probable cause; and (4) the malicious prosecution claim fails as a matter of law because the plaintiff has not alleged that Lorenzo acted with malice. We address each argument in turn. *See Sherryland v. Snuffer*, 150 N.H. 262, 267 (2003).

■ Limiting our review to the well-pleaded allegations of fact in the plaintiff's writ, and construing all reasonable inferences from them in his favor, *see Guglielmo v. WorldCom*, 148 N.H. 309, 312 (2002), we reject the argument that the facts alleged by the plaintiff establish that the defendants are entitled to immunity under RSA 507:8-d or official immunity. Because we must accept as true that Lorenzo arrested the plaintiff *despite* substantial inconsistencies between his physical appearance on the morning of his arrest and the alleged kidnapping victim's description of the assailant, including inconsistencies in age, hairstyle, and facial hair, we conclude that the writ does not establish that Lorenzo had probable cause to arrest the plaintiff or that the arrest was not "made in a wanton or reckless manner." *Everitt*, 156 N.H. at 219. Although we must accept as true that an unidentified police officer told the plaintiff that a kidnapping victim had identified him from a photo line-up, we need not accept the underlying truth of the statement, *i.e.*, that the alleged kidnapping victim, in fact, identified the plaintiff from a photo line-up. Furthermore, although the defendants direct our attention to facts alleged by the plaintiff in his objection to the defendants' motion to dismiss and in a separate motion filed with this court, titled "Plaintiff's motion for brief statement per order of the supreme court," we cannot accept these facts as true for purposes of this appeal. The plaintiff's objection to the defendants' motion to dismiss was not submitted as part of the record before us, and in his motion filed with this court the plaintiff specifically noted that "the facts asserted" therein were simply "derived from the discovery which was supplied by the State in [his] criminal case."

■ Nor are we persuaded that the defendants are entitled to official immunity because the district court found probable cause in ordering the plaintiff bound over to the superior court on the charges of kidnapping and falsifying physical evidence. The defendants argue — without citing any authority — that the probable cause determination of the district court establishes that Lorenzo did not arrest the plaintiff "in a wanton or reckless manner." *Everitt*, 156 N.H. at 219. The defendants appear to argue that this determination should be given collateral estoppel effect on the issue of whether probable cause supported the plaintiff's arrest. We disagree.

> For collateral estoppel to apply, three basic conditions must be satisfied: (1) the issue subject to estoppel must be identical in each action; (2) the first action must have resolved the issue finally on the merits; and (3) the party to be estopped must have appeared as a party in the first action, or have been in privity with someone who did so. These conditions must be understood, in turn, as particular elements of the more general requirement, that a party against whom estoppel is pleaded must have had a full and fair prior opportunity to litigate the issue or fact in question.

*Stewart v. Bader*, 154 N.H. 75, 80-81 (2006) (quotation and citation omitted). "The applicability of collateral estoppel is a question of law that we review *de novo.*" *Tyler v. Hannaford Bros.*, 161 N.H. 242, 246 (2010).

■ Here, two of the three basic conditions to apply collateral estoppel cannot be satisfied. First, the issue of probable cause to bind over a criminal defendant for trial and the issue of probable cause to arrest are not identical. To bind over a criminal defendant for trial, a court must "determine whether probable cause exists to believe that an offense has been committed . . . ." *State v. St. Arnault*, 114 N.H. 216, 217-18 (1974) (quotation omitted); *see Smith v. O'Brien*, 109 N.H. 317, 318 (1969) (the purpose of a probable cause hearing "is to determine whether probable cause exists for . . . detention pending grand jury action"); *State v. Chase*, 109 N.H. 296, 297 (1969) (same). By contrast, "[p]robable cause to arrest exists when the arresting officer has knowledge and trustworthy information sufficient to warrant a person of reasonable caution and prudence in believing that the arrestee has committed an offense." *Hartgers*, 141 N.H. at 255 (quotation omitted). Thus, based upon the evidence presented to it *at the time of the hearing*, the district court found probable cause to believe that the plaintiff had committed an offense. The district court did not find that *at the time of arrest* Lorenzo had probable cause to believe that the plaintiff had committed an offense. *Id.* As explained in *Kumar v. Chicago Housing Authority*, 862 F. Supp. 213 (N.D. Ill. 1994):

> [A]lthough both determinations are referred to as 'probable cause' determinations, the question of whether there is probable cause to bind over the charged party is different from the question of whether the arresting officers had probable cause to make the arrest. Resolution of the first issue does not resolve the second.

*Kumar*, 862 F. Supp. at 217; *see also Broughton v. Hazelroth*, No. 01-70074, 2006 WL 798959, at *2 (E.D. Mich. March 29, 2006) ("The issue at a preliminary examination is whether or not there is probable cause that a crime has been committed, not whether there was probable cause to arrest a suspect."); *Schmidlin v. City of Palo Alto*, 69 Cal. Rptr. 3d 365, 395 (Ct. App. 2007) ("issue of 'probable cause' to arrest (or sufficient cause to detain) is simply not the same as — let alone identical to — that of sufficient cause to hold the defendant for trial"); *Morley v. Walker*, 175 F.3d 756, 760-61 (9th Cir. 1999) (court refused to equate probable cause to arrest with probable cause to bind over a defendant for trial).

 Second, even if the issues of probable cause to arrest and probable cause to bind over a defendant for trial were identical, the district court cannot be said to have resolved the issue finally on the merits. The probable cause determination of the district court is merely a preliminary step in the criminal prosecution. As we explained in *St. Arnault*, the district court "merely passes the responsibility to the grand jury to decide whether the defendant should stand trial." *St. Arnault*, 114 N.H. at 218. *Compare Aubert v. Aubert*, 129 N.H. 422, 428 (1987) ("prior *criminal conviction* has collateral estoppel effect in a subsequent civil proceeding as to the issues *actually litigated* and decided in the criminal case" (emphasis added)).

We turn next to the defendants' contention that the plaintiff's claims for false imprisonment and malicious prosecution must be dismissed because a lack of probable cause is an element of both claims and the plaintiff cannot prove a lack of probable cause. The defendants argue that the plaintiff cannot prove a lack of probable cause because: (1) "[g]iven the findings by the district court and the grand jury, probable cause was present in this case"; and (2) "based on the facts alleged in the plaintiff's writ of summons, probable cause is established."

 As an initial matter, we note that the defendants are mistaken that a lack of probable cause is an element of false imprisonment. To prevail on a claim for false imprisonment, a plaintiff must demonstrate that: (1) the defendant acted with the intent of confining him within boundaries fixed by the defendant; (2) the defendant's act directly or indirectly resulted in the plaintiff's confinement; (3) the plaintiff was conscious of or harmed by the confinement; and (4) the defendant acted without legal authority. *See*

*MacKenzie v. Linehan*, 158 N.H. 476, 482 (2009); *cf.* RESTATEMENT (SECOND) OF TORTS § 35, at 52 (1965). We have explicitly stated that a lack of probable cause is *not* an element of false imprisonment. *See Hickox v. J.B. Morin Agency, Inc.*, 110 N.H. 438, 442 (1970) ("allegations of malice, want of probable cause and dismissal of the prosecution . . . [are] all elements of malicious prosecution, but not of false imprisonment or false arrest"). Instead, probable cause is a defense to a claim for false imprisonment resulting from a warrantless detention. *See Larreault v. Stores*, 93 N.H. 375, 375 (1945). For the reasons discussed above, the probable cause determinations of the district court and grand jury, as well as the well-pleaded allegations of fact in the plaintiff's writ, do not establish that Lorenzo had probable cause to arrest the plaintiff.

We agree with the defendants, however, that the plaintiff's claim for malicious prosecution must be dismissed. To prevail on a claim for malicious prosecution, a plaintiff must demonstrate that: (1) he was subjected to a criminal prosecution or civil proceeding instituted by the defendant; (2) without probable cause; (3) with malice; and (4) the prior action terminated in his favor. *See Stock v. Byers*, 120 N.H. 844, 846 (1980); *Paul v. Sherburne*, 153 N.H. 747, 749 (2006).

Courts are nearly uniform in holding that the return of an indictment defeats a claim for malicious prosecution unless the plaintiff alleges that the defendant engaged in impropriety when procuring the indictment. *See* Annotation, *Malicious Prosecution: Effect of Grand Jury Indictment on Issue of Probable Cause*, 28 A.L.R.3D 748 (1969) (Supp. 2012); *Gonzalez Rucci v. United States I.N.S.*, 405 F.3d 45, 49 (1st Cir. 2005) (indictment "definitively establishes probable cause" unless, at the pleading stage, the plaintiff asserts that "the defendants wrongfully obtained the indictment by knowingly presenting false testimony to the grand jury"); *Alvarado v. City of New York*, 453 Fed. Appx. 56, 58-59 (2d Cir. 2011) (construing New York law to hold that indictment creates a rebuttable presumption of probable cause, which may be overcome only if "the indictment was procured by fraud, perjury, the suppression of evidence or other police conduct undertaken in bad faith" (quotation omitted)); *Beckett v. Ford*, 613 F. Supp. 2d 970, 982 (N.D. Ohio 2009) (indictment is *prima facie* evidence of probable cause for purposes of an Ohio malicious prosecution claim, which may be overcome only if "the indictment resulted from perjured testimony or [if] the grand jury proceedings were otherwise significantly irregular" (quotation omitted)). Here, the plaintiff's writ does not allege that Lorenzo or any other member of the Manchester Police Department engaged in impropriety when procuring the indictments

returned against him. Thus, the allegations in his writ do not permit a finding that criminal charges were instituted against him without probable cause.

Finally, we note that the plaintiff asserts in his memorandum of law that he has a cognizable claim for false arrest or false imprisonment under 42 U.S.C. § 1983. The defendants contend that the plaintiff's writ fails to allege any such claims. Because we reverse the dismissal of the plaintiff's claim for false imprisonment, we leave for the trial court to determine in the first instance whether the plaintiff's writ asserts a cognizable claim for false arrest or false imprisonment under 42 U.S.C. § 1983.

In conclusion, we repeat that the "public simply cannot afford for those individuals charged with securing and preserving community safety to have their judgment shaded out of fear of subsequent lawsuits or to have their energies otherwise deflected by litigation, at times a lengthy and cumbersome process." *Everitt*, 156 N.H. at 218. We understand that "[p]olice officers are trusted with one of the most basic and necessary functions of civilized society, securing and preserving public safety." *Id.* at 217. Nonetheless, at this stage of the proceeding, the defendants have not demonstrated that they are entitled to immunity from suit, or that probable cause supported the plaintiff's arrest. We note that if further factual development of the record establishes the lack of any genuine issue of material fact regarding the existence of probable cause for the plaintiff's arrest, the summary judgment procedure remains available to the defendants to resolve this litigation short of a trial. *See* RSA 491:8-a (2010); *Anilao v. Spota*, 774 F. Supp. 2d 457, 491 (E.D.N.Y. 2011) ("a defendant presenting an immunity defense on a [motion to dismiss] instead of a motion for summary judgment must accept the more stringent standard applicable to this procedural route" (quotation omitted)).

*Affirmed in part; reversed in part; and remanded.*

DALIANIS, C.J., and HICKS, CONBOY and BASSETT, JJ., concurred.