12-3917-cv
Smith v. Tobon

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of July, two thousand thirteen.

PRESENT:   RALPH K. WINTER,
                      GERARD E. LYNCH,
                      CHRISTOPHER F. DRONEY,
                               *Circuit Judges.*

———————————————————————————

LEVON SMITH,

                               *Plaintiff-Appellant*,

            v.                                                                  No. 12-3917-cv

Police Officer JORGE TOBON, shield #29637, HERIBERTO
BERMUDEZ, Police Officer, shield #30426, JAMES SOUTH,
Detective, shield #06130, JOHN DOE 1-5, unidentified police
officers who were with Detective South when Plaintiff's shop
located at 2 East 116th Street, New York, NY was padlocked
on or about May 23, 2003, CITY OF NEW YORK,

                               *Defendants-Appellees*.*

———————————————————————————

————————————————

        * The Clerk of the Court is directed to amend the official caption in the case to conform to the caption listed above.

FOR APPELLANT:       K.C. Okoli, Law Offices of K.C. Okoli, P.C., New York, NY.

FOR APPELLEE:       Kristin Helmers & Michael J. Pastor, *of counsel*, *for* Michael A. Cardozo, Corporation Counsel of the City of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Thomas P. Griesa, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-appellant Levon Smith appeals from the district court's order granting defendants-appellees' motion for partial summary judgment and denying his motion for summary judgment, and from the district court's denial of his motion for a new trial, pursuant to Fed. R. Civ. P. 59(a)(1)(A), on the claims that survived summary judgment. Smith asserts claims pursuant to 42 U.S.C. § 1983 for alleged violations of his Fourth Amendment rights against false imprisonment, malicious prosecution, and unlawful search and seizure, arising from three separate incidents.[1] We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

We review a district court's grant of summary judgment de novo, construing the evidence in the light most favorable to the nonmoving party. Tracy v. Freshwater, 623

---

[1] In his complaint, Smith also alleged various state law claims, as well as claims of excessive force. He has abandoned those claims on appeal. Further, Smith does not challenge the district court's dismissal of his claims against the City of New York for failure to prove municipal liability; we therefore deem those claims abandoned as well.

F.3d 90, 95 (2d Cir. 2010). When a party argues that the jury was improperly instructed, we review a district court's denial of a Rule 59 motion for a new trial de novo. Cobb v. Pozzi, 363 F.3d 89, 112 (2d Cir. 2003).

## I.    Summary Judgment as to Events of June 25, 2002

Smith alleged his arrest on June 25, 2002, violated his Fourth Amendment rights against false arrest, malicious prosecution, and unlawful seizure.[2] The district court granted defendants' motion for partial summary judgment on these claims because it concluded that probable cause existed both to arrest and to prosecute Smith, even on Smith's version of the facts.

To state a claim for false arrest under § 1983, a plaintiff must prove, among other things, that "the confinement was not otherwise privileged." Singer v. Fulton County Sheriff, 63 F.3d 110, 118 (2d Cir. 1995). Because probable cause confers authority to confine a suspect, probable cause is a complete defense to a claim of false arrest. Williams v. Town of Greenburgh, 535 F.3d 71, 78-79 (2d Cir. 2008). The probable cause determination focuses on the knowledge the officer has at the time of arrest. Lowth v. Town of Cheektowaga, 82 F.3d 563, 569 (2d Cir. 1996).

Probable cause is also a complete defense to claims of malicious prosecution. Savino v. City of New York, 331 F.3d 63, 72 (2d Cir. 2003). Once probable cause to arrest has been established, claims of malicious prosecution survive only if, between the

---

[2] Plaintiff originally pled additional claims related to the events of June 25, 2002, but has abandoned those claims on appeal.

arrest and the initiation of the prosecution, "the groundless nature of the charges [is] made apparent by the discovery of some intervening fact." Lowth, 82 F.3d at 571.

We identify no error in the district court's conclusion that there existed no genuine factual dispute material to the conclusion that defendants had probable cause to believe Smith had committed a crime. First, the district court correctly concluded that there was no genuine dispute about whether defendant Bermudez was present at the scene. Smith's evidence to the contrary was insufficient to permit a reasonable jury to conclude that Bermudez was not present.

Second, the evidence available to Bermudez, and therefore attributable to all the officers involved in the investigation, Savino, 331 F.3d at 74, was sufficient to establish probable cause to arrest Smith. Bermudez testified that he observed Smith engaged in what appeared to him to be a hand-to-hand exchange of drugs for money in an area where there had been several recent drug arrests. A search of the other man involved in the transaction revealed substantial quantities of cocaine; officers also discovered a small amount of cocaine during a search of Smith's tire shop. Smith does not meaningfully challenge the accuracy of any of these facts. Under these circumstances, the district court did not err by concluding that the officers had probable cause to arrest him. See Morales v. Grener, 381 F.3d 47, 48 (2d Cir. 2004). As a result, summary judgment was appropriate on the false arrest claim.[3]

_____

[3] Because the officers had probable cause to arrest Smith, their seizure of his cell phone and $90 was also not unlawful. To the extent those items remain in police custody, Smith is entitled to their return in accordance with ordinary police evidence procedures.

We similarly conclude that the district court did not err by holding that there was probable cause to initiate criminal proceedings against Smith. To the extent defendants were responsible for initiating the prosecution at all, no new facts came to their attention that would have defeated the probable cause that existed from the time of arrest. The fact that Smith told police that he had not participated in a drug sale does not suffice. See Alvarado v. City of New York, 453 Fed. App'x 56, 58 (2d Cir. 2012) (summary order). The district court therefore did not err by granting summary judgment to defendants on Smith's malicious prosecution claim.

## II. Summary Judgment as to Events of May 23, 2003

Smith claims that the padlocking of his tire shop on May 23, 2003, represented an unlawful seizure in violation of the Fourth Amendment.[4] In the district court, Smith conceded that police told him that the shop was padlocked for security reasons after the original locks were damaged during the police search of the premises. He further conceded that police told him that he was permitted to enter at any time. Despite these admissions, Smith claims that the seizure was unlawful because he was unsure whether he was permitted to enter the shop because of the lock. However, based on the evidence in the record, no reasonable juror could conclude that the locking of the shop constituted a seizure of the shop by the authorities. In any event, Smith offers no evidence that any of

_____

[4] The shop was searched pursuant to a warrant. Smith has abandoned his earlier claims that the warrant was invalid and that the police executed the search in an unnecessarily destructive manner.

5

the named defendants placed the locks on his shop.[5]  The district court therefore did not

err in granting summary judgment on this claim.

### III.   Jury Instructions as to Events of March 19, 2003

Smith claims that the district court erred in various ways when it instructed the

jury on the claims it allowed to proceed to trial, which arose from Smith's arrest for

operating a motor vehicle without a valid license on March 19, 2003.  He identifies three

alleged errors that he claims warrant a new trial.  To the extent Smith did not object to the

allegedly incorrect instructions, he is only entitled to a new trial if the errors in the district

court's jury instructions rose to the level of plain error.  Anderson v. Branen, 17 F.3d 552,

556-57 (2d Cir. 1994).  For those instructions that Smith did object to, a new trial is

warranted unless the error was harmless.  Cobb, 363 F.3d at 112.

On the facts of this case, the instructions do not warrant a new trial.  First, Smith

objects that the district court misinstructed the jury regarding probable cause by failing to

give a single definition of the term.  Even if the district court's instruction was

insufficient, any error was harmless because the jury's verdict did not turn on niceties of

probable cause.  It is undisputed that Smith's license was suspended.  Defendant Tobon

testified that he observed Smith sitting in the driver's seat of a double-parked car with the

engine running; according to Smith; he was in the passenger seat and the engine was

---

[5] Although Smith's wife claimed to have seen defendant Tobon outside the shop around the time of the search, she did not testify that she saw Tobon involved in padlocking the shop.

turned off.  The district court instructed the jury, correctly, that its task was to decide which version of events was accurate.  The judge was correct: on Tobon's version, probable cause existed; on Smith's, it did not.  Given that posture, we cannot conclude that any lack of clarity in the district court's definition of probable cause influenced the jury's verdict.  See Gordon v. N.Y.C. Bd. of Educ., 232 F.3d 111, 116 (2d Cir. 2000).

Second, the district court did not err by instructing the jury that, contrary to plaintiff's statement in summation, no inference could be drawn from the fact that Tobon's partner was not called by either side to testify at trial.  Even if we were to construe Smith's objection to this instruction below as preserving this argument on appeal, the instruction given by the district court was not erroneous because it accurately instructed the jury to "decide the case on the basis of what you actually heard."  As a result, the jury charge "sufficiently cover[ed] the case so that [the] jury [could] intelligently determine the questions presented to it."  Hathaway v. Coughlin, 99 F.3d 550, 553 (2d Cir. 1996) (internal quotation marks omitted); see also 4 Leonard B. Sand et al., Modern Federal Jury Instructions ¶ 75.01 (2013).  We therefore conclude that the instruction was adequate.

Finally, Smith claims the district court erred in instructing the jury regarding the malicious prosecution claim.  First, his argument that the district court should have instructed the jury that Tobon initiated the criminal proceedings, which in any event Smith waived by failing to raise it below, fails because the district court did so instruct the jury.  Second, Smith argues that the district court misinstructed the jury regarding the

7

level of deprivation of liberty necessary to state a claim. But the judge correctly instructed the jury that it could find a deprivation of liberty on the facts of the case even though Smith was not detained after his arraignment. In any event, the jury also found for defendants on the false arrest claim. That verdict implies that the jury found that there was probable cause for the arrest and, given that Smith presented no evidence arising after his arrest sufficient to undermine the finding of probable cause, provides a basis for the jury's verdict that could not have been affected by the alleged errors in the jury charge. The questioned instruction thus could not amount to plain error affecting substantial rights.

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk