# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2018-0400, <u>Jason A. Czekalski v. Bruce R. Jasper, Esq. & a.</u>, the court on March 1, 2019, issued the following order:**

The plaintiff has notified the court, by correspondence, that he will not be filing a reply brief.  Accordingly, we deem his motion for an extension of time in which to file a reply brief to have been withdrawn.  Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case.  <u>See</u> <u>Sup. Ct. R.</u> 18(1).  We affirm.

The plaintiff, Jason A. Czekalski, appeals an order of the Superior Court (<u>McNamara</u>, J.) granting a motion of the defendants, Bruce R. Jasper, Esq. and Elliot, Jasper, Auten, Shklar, and Ranson, LLP (law firm), to dismiss his complaint for failure to state a claim upon which relief may be granted.  In reviewing an order granting a motion to dismiss, we assume the well-pleaded allegations of fact in the complaint to be true, and draw all reasonable inferences from those facts in the plaintiff's favor.  <u>Estate of Mortner v. Thompson</u>, 170 N.H. 625, 631 (2018).  We also consider documents attached to the pleadings, documents the authenticity of which the parties do not dispute, official public records, and documents referred to in the complaint.  <u>Ojo v. Lorenzo</u>, 164 N.H. 717, 721 (2013).  We do not, however, credit allegations in the complaint that are merely conclusions of law.  <u>Mortner</u>, 170 N.H. at 631.  We then engage in a threshold inquiry that tests the facts in the complaint against the applicable law, and determine whether the allegations are reasonably susceptible of a construction that would permit recovery.  <u>Id</u>.

The plaintiff was convicted in 2014 on three charges of aggravated felonious sexual assault and one charge of felonious sexual assault.  He was sentenced to consecutive stand-committed prison terms of ten to twenty years on each of the charges.  We upheld the plaintiff's convictions following his appeal from them.  <u>See</u> <u>State v. Czekalski</u>, 169 N.H. 732 (2017).

On October 3, 2017, Jasper, an attorney, was appointed to represent the plaintiff before the Sentence Review Division of the Superior Court.  On January 30, 2018, the division scheduled a sentence review hearing for May 18, 2018.  In his complaint, the plaintiff alleged that he had written Jasper six letters that had gone unanswered from October 2017 until February 12, 2018, after he had already alerted the trial court to Jasper's non-responsiveness.  He asserted that Jasper's failure to respond to him and "refus[al] to take action to prepare for [the plaintiff's] case" breached a duty of professional care, and that

he "will suffer actual harm . . . because [the plaintiff] will either be unprepared for his Sentence Review Hearing, or face a prejudicial delay in Sentence Review due to the need for new counsel." He further asserted that the law firm was responsible for supervising Jasper, that the law firm failed to supervise Jasper, and that the law firm was liable for his alleged harm under a theory of respondeat superior. After the plaintiff had filed the complaint, new counsel was appointed to represent him in connection with the sentence review hearing, and the sentence review hearing was continued until October 2018.

The trial court granted the defendants' motion to dismiss "for the reasons stated in [the memorandum filed in support of the motion]. Plaintiff has not set forth the elements of a legal malpractice claim." In denying the plaintiff's motion to reconsider, the court expounded upon its rationale, reasoning:

> [I]t cannot be determined whether the Plaintiff has suffered any prejudice until the Sentence Review hearing is held; he is serving a sentence of 40 to 80 years at the New Hampshire State Prison, and in order to show damage from Jasper's conduct, he would need to show that Jasper's conduct resulted in a failure to obtain release earlier than his 40 year minimum. In substance, Plaintiff is bringing [an] anticipatory legal malpractice claim based upon what might happen at the Sentence Review proceedings. Obviously, such a claim is not ripe.[1]

Although framed in terms of "ripeness," we construe this portion of the trial court's order as effectively ruling that the plaintiff had not alleged sufficient facts to establish that the alleged malpractice caused him to suffer compensable harm. See In the Matter of Salesky & Salesky, 157 N.H. 698, 702 (2008) (interpretation of trial court order is a question of law, which we review de novo). The trial court additionally reasoned that, under Mahoney v. Shaheen, Cappiello, Stein & Gordon, P.A., 143 N.H. 491, 495-96 (1999), the plaintiff could not recover damages because he could not establish his actual innocence of the underlying crimes, and that the exception to Mahoney articulated in Hilario v. Reardon, 158 N.H. 56, 66-67 (2008), did not apply.

On appeal, the plaintiff argues that, because he alleged that he either would be unprepared for the sentence review hearing or it would be delayed, and because the hearing in fact was delayed, he had pleaded "a definable, non-speculative harm"; namely, the delay itself. Thus, he asserts that the case is "ripe for adjudication." He further argues that the case fits within the parameters of Hilario because he is not challenging his defense counsel's trial

---

[1] We note that, in his objection to the motion to dismiss, the plaintiff asserted that, because one of the four convictions for which he received consecutive stand-committed sentences of ten to twenty years was vacated, his aggregate sentence is now thirty to sixty years, and not forty to eighty years.

strategy. Assuming, without deciding, that the plaintiff was not required to prove actual innocence, we agree with the trial court that he did not plead sufficient facts to establish that the alleged malpractice caused him harm.

To state a claim for legal malpractice, the plaintiff was required to plead facts that, when construed in his favor, establish that Jasper's alleged non-responsiveness and failure to prepare the plaintiff for the sentence review hearing caused him to suffer damages. See Witte v. Desmarais, 136 N.H. 178, 185 (1992) (upholding dismissal of legal malpractice claim for counsel's failure to procure court approval of a motion for a special marital master because plaintiff failed to "postulate any harm" that resulted). The mere fact that the sentence review hearing was delayed does not, alone, establish that the plaintiff suffered or will suffer compensable damages as a result. Cf. Mahoney v. Town of Canterbury, 150 N.H. 148, 154 (2003) (stating that wrongfully-enjoined party was entitled to recover only those damages resulting from delay caused by the injunction, and not costs or expenses that the party would have incurred regardless of the delay). The complaint is simply devoid of any factual allegations that, when construed in the plaintiff's favor, support a finding that the continuance will cause him to suffer any harm that he otherwise would not have suffered had the hearing gone forward on May 18, 2018.

Affirmed.

Lynn, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Eileen Fox,
Clerk**

3