# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2019-0209, <u>Aho Heating and Cooling, LLC v. Robert Helminen & a.</u>, the court on October 25, 2019, issued the following order:**

Having considered the parties' briefs and the record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). The plaintiff, Aho Heating and Cooling, LLC, appeals an order of the Circuit Court (<u>Ryan</u>, J.) dismissing its writ filed against the defendants, Robert and Maria B. Helminen and Paxor Construction, LLC. We affirm in part, vacate in part, and remand.

In reviewing a motion to dismiss, our standard of review is whether the allegations in the plaintiff's complaint are reasonably susceptible of a construction that would permit recovery. <u>Sanguedolce v. Wolfe</u>, 164 N.H. 644, 645 (2013). We assume the allegations to be true and construe all reasonable inferences in the light most favorable to the plaintiff. <u>Id</u>. We need not assume the truth of statements that are merely conclusions of law, however. <u>Id</u>. We then engage in a threshold inquiry that tests the facts in the complaint against the applicable law, and if the allegations constitute a basis for legal relief, we must hold that it was improper to grant the motion to dismiss. <u>Id</u>. In conducting this inquiry, we may also consider documents attached to the plaintiff's pleadings, documents the authenticity of which are not disputed by the parties, official public records, or documents sufficiently referred to in the complaint. <u>Ojo v. Lorenzo</u>, 164 N.H. 717, 721 (2013).

The trial court in this case dismissed the plaintiff's writ, in its entirety, on the ground that the parties had settled their dispute on May 25, 2018. We uphold the trial court's determination that the parties entered into a settlement on May 25, 2018, when the plaintiff accepted the defendants' offer to resolve the parties' differences in exchange for the sum of $3,761.99. The plaintiff alleges in its writ that it "ultimately and reluctantly agreed to accept a final settlement offer with mutual releases between the parties for the amount of $3,761.99 on May 25, 2018." The plaintiff repeats this allegation in its appellate brief. Moreover, the emails the plaintiff appended to its objection to the defendants' motion to dismiss confirm that, on May 25, 2018, the plaintiff accepted the defendants' offer to settle the parties' disputes for $3,761.99. Further, in its motion for reconsideration filed in the trial court, the plaintiff stated that it "does not dispute that settlement was reached" on May 25, 2018, "on the terms outlined in the Mutual General Release" that the plaintiff's attorney forwarded to the defendants. Contrary to the plaintiff's assertions on appeal, having settled the dispute

between the parties, the plaintiff was not entitled to both enforce the settlement agreement by seeking damages for the breach of that agreement and litigate the settled dispute.

We, nonetheless, vacate the trial court's order dismissing the plaintiff's writ in its entirety. On remand, the plaintiff's claim for breach of the settlement agreement shall be reinstated. In addition, the plaintiff shall be permitted to amend its writ to add a claim to enforce the May 25, 2018 settlement agreement and to add any claim that the plaintiff alleges is not encompassed by the parties' May 25, 2018 settlement. See ERG, Inc. v. Barnes, 137 N.H. 186, 189 (1993) (stating that a plaintiff must be given leave "to correct perceived deficiencies [in the complaint] before an adverse judgment has preclusive effect"). We express no opinion as to the viability of any claim that is reinstated or that the plaintiff asserts on remand.

Affirmed in part; vacated in part; and remanded.

Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Eileen Fox,
Clerk**